OPINION OF THE COURT
 

 Smith, J.
 

 The issue here is whether constructive notice of a sidewalk defect can, satisfy a statutory requirement of written notice to a municipality. We conclude that it cannot and therefore affirm the order of the Appellate Division.
 

 On November 23, 1991, plaintiff Estelle Amabile exited a building at 805 Elk Street, located at the corner of Melvin Place in the City of Buffalo. As she stepped onto the sidewalk and began walking toward her car, plaintiff fell and injured her right wrist and hand. Plaintiff underwent surgery and allegedly suffered permanent nerve damage. Plaintiff and her husband commenced the instant action against the City alleging that a defective sidewalk at the corner of Melvin Place caused her fall and injuries. Specifically, plaintiffs assert that approximately 10 inches of what had once been a stop-sign post protruded from the ground at an angle. The stop sign itself was missing and the concrete surrounding the base of the sign was severely cracked and broken. Proffered evidence suggested that this condition had existed for 6 to 12 months and was caused by an automobile accident.
 

 Defendant moved to dismiss or for summary judgment on the ground that plaintiffs had failed to meet a condition prece
 
 *473
 
 dent to suit, namely, that the city clerk had not received prior written notice of the sidewalk defect as required by the City Charter. Though plaintiffs conceded that they could not prove the City received prior written notice, they opposed defendant’s motion on the ground that a “constructive notice” exception to the written notice requirement applied. Plaintiffs produced City business records demonstrating that a now deceased City worker had been employed solely for the purpose of driving through the City in search of damaged or missing street signs. Those records demonstrated that this individual had driven past or near the intersection many times. Accordingly, plaintiffs argued, the City had constructive notice of the defective sidewalk because it would be impossible to drive past or near the intersection and not observe both the missing stop sign and the defective sidewalk surrounding its base.
 

 Supreme Court denied defendant’s motion and held that a constructive notice exception excused plaintiffs from proving that the City had prior written notice. The Appellate Division unanimously reversed on the law and granted summary judgment dismissing the complaint. The court held that plaintiffs had presented no proof that prior written notice of the defective sidewalk was actually given and that “[p]laintiffs’ contention that constructive notice may serve as a substitute for prior written notice lacks merit” (251 AD2d 967). This Court granted plaintiffs’ motion for leave to appeal.
 

 City of Buffalo Charter, article 20, § 362 requires written notice to the city clerk of any defective sidewalk before an action against the City for injuries sustained as a result of that defect may be maintained.
 
 *
 

 Prior notification laws are a valid exercise of legislative authority
 
 (Fullerton v City of Schenectady,
 
 285 App Div 545,
 
 affd
 
 309 NY 701,
 
 appeal dismissed
 
 350 US 980;
 
 Holt v County of Tioga,
 
 56 NY2d 414). Such laws reflect a legislative judgment to modify the duty of care owed by a locality in order to address “the vexing problem of municipal street and sidewalk liability”
 
 (Barry v Niagara Frontier Tr. Sys.,
 
 35 NY2d 629,
 
 *474
 
 633). Indeed, General Municipal Law § 50-e (4), the authorizing statutory provision, “specifically allows for the enactment of prior notification statutes and requires compliance with such laws [and] * * * it must be read to apply alike to all laws enacted by any legislative body in this State”
 
 (Holt v County of Tioga,
 
 56 NY2d,
 
 supra,
 
 at 419). Thus, in derogation of the common law, a locality may avoid liability for injuries sustained as a result of defects or hazardous conditions on its sidewalks if it has not been notified in writing of the existence of the defect or hazard at a specific location (see,
 
 Doremus v Incorporated Vil. of Lynbrook,
 
 18 NY2d 362, 366). This rule “comports with the reality that municipal officials are not aware of every dangerous condition on its streets and public walkways, yet imposes responsibility for repair once the municipality has been served with written notice of an obstruction or other defect, or liability for the consequences of its nonfeasance, as the case may be”
 
 (Poirier v City of Schenectady,
 
 85 NY2d 310, 314).
 

 This Court has recognized only two exceptions to the statutory rule requiring prior written notice, namely, where the locality created the defect or hazard through an affirmative act of negligence
 
 (see, Kiernan v Thompson,
 
 73 NY2d 840, 842) and where a “special use” confers a special benefit upon the locality (s
 
 ee, Poirier v City of Schenectady, supra,
 
 at 314-315;
 
 D'Ambrosio v City of New York, 55
 
 NY2d 454). Here, plaintiffs argue for a third exception: constructive notice when the defect was not known by the city but could have or should have been known by the exercise of ordinary diligence and care on its part. Plaintiffs assert not only that this purported exception is firmly imbedded in the law of this State, as evidenced by its citation in various decisions of the Appellate Division
 
 (Gigante v Town of Hempstead,
 
 186 AD2d 627 [2d Dept];
 
 Dobransky v City of Watertown,
 
 168 AD2d 997 [4th Dept];
 
 Klimek v Town of Ghent,
 
 114 AD2d 614 [3d Dept]), but also that the genesis of such an exception can be directly traced to this Court’s opinion in
 
 Blake v City of Albany
 
 (48 NY2d 875).
 

 In
 
 Blake,
 
 plaintiff commenced an action against the City of Albany to recover damages for personal injuries suffered when the right front wheel of an. automobile she was operating entered a depression or hole on Trinity Place. The City argued that liability could not attach because it had received no prior written notice of the defective condition, as required by Local Laws, 1953,
 
 No. 1
 
 of the City of Albany, and because it did not have actual or constructive notice of the defect causing the accident. The Appellate Division rejected defendant’s assertions
 
 *475
 

 (Blake v City of Albany,
 
 63 AD2d 1075, 1076). It noted that the undisputed evidence was that on the day of the accident, construction was underway at Trinity Place pursuant to a City permit, and a Department of Public Works field investigator testified that when such a permit was issued, a City worker inspected the project daily to ensure the safety of passersby.
 

 The Court concluded that “[u]nder these circumstances, * * * the city’s inspectors should have discovered the defect long before plaintiffs mishap, and, accordingly, the jury was justified in concluding that the city had, at minimum, constructive notice of the dangerous condition”
 
 (Blake v City of Albany,
 
 63 AD2d,
 
 supra,
 
 at 1076). Additionally, the Court held that the failure to provide prior written notice would not bar the claim because “given * * * the almost daily inspection of the area by the city, there was plainly no need for any apprisal and the city had a nondelegable duty to maintain Trinity Place in a safe condition”
 
 (id.,
 
 at 1076).
 

 Although we affirmed the order of the Appellate Division in
 
 Blake,
 
 of pivotal importance was the fact that, on the argument of the appeal, the City withdrew any reliance on the prior written notice law, Local Law No. 1, as an impediment to recovery by the plaintiff. Thus, this Court was presented with only a common-law negligence action
 
 (see, e.g., Taylor v New York City Tr. Auth.,
 
 48 NY2d 903). We stated that while there was no direct proof of actual notice,
 

 “a negligent failure to discover a condition that should have been discovered can be no less a breach of due care than a failure to respond to actual notice (19 McQuillin, Municipal Corporations, § 54.109), on the record here it was within the province of the jury in its general verdict to have found constructive notice on the part of the city on alternative theories”
 
 (Blake v City of Albany,
 
 48 NY2d,
 
 supra,
 
 at 877).
 

 Moreover, in
 
 Poirier v City of Schenectady
 
 (85 NY2d 310,
 
 supra),
 
 a case similar to this, we affirmed the dismissal of the complaint by the Appellate Division on the ground that no written notice of a defective traffic sign post had been given. We noted the absence of an established exception to the general rule of written notice, that is a defect created by the municipality or a special use.
 

 We conclude that constructive notice of a defect may not override the statutory requirement of prior written notice of a
 
 *476
 
 sidewalk defect. The Legislature has made plain its judgment that the municipality should be protected from liability in these circumstances until it has received written notice of the defect or obstruction. As we have previously stated,
 

 “The state created the defendant as a political agency of government and the adjustment of its powers and duties, and of the relative rights of citizens and municipality, was the province of the legislature. * * * [Although the city charter’s] requirement that a written notice shall have been given to the common council, as a condition precedent to the maintenance of an action, [may] be regarded as harsh, correction is not to be sought from the courts. The requirement is the expression of the legislative will”
 
 (MacMullen v City of Middletown,
 
 187 NY 37, 47).
 

 Judicial recognition of a constructive notice exception would contravene the plain language of the statute and serve only to undermine the rule.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Bellacosa, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, with costs.
 

 *
 

 That provision reads: “No civil action shall be maintained against the city for damage or injuries to person or property sustained in consequence of any * * * sidewalk * * * being defective, out of repair, unsafe, dangerous or obstructed * * * unless previous to the occurrence resulting in such damage or injuries written notice of such alleged condition relating to the particular place and location was actually given to the city clerk and there was a failure or neglect within a reasonable time thereafter to remedy or correct the alleged condition complained of.”