■ ANNE D. CAPOBIANCO et al., Respondents, v FRANK MARI, JR., et al., Respondents, and TOWN OF NORTH HEMPSTEAD, Appellant. [708 NYS2d 428] —In an action to recover damages for personal injuries, etc., the defendant Town of North Hempstead appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated May 17, 1999, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the Town of North Hempstead, and the action against the remaining defendants is severed.

The plaintiff Anne D. Capobianco tripped on a defective sidewalk which had become raised and cracked due to a system of tree roots growing underneath it. The Town of North Hempstead repaired the sidewalk in 1988 or 1989. The plaintiffs submitted an affidavit from an expert stating that the repair had been "inadequate" to prevent recurrence of the dangerous condition. However, there is no evidence in the record that a dangerous condition existed when the Town completed its repairs. There is no evidence that the Town received prior written notice of the recurrence of the dangerous condition, as required by Town Code of the Town of North Hempstead § 26-1. The allegation of a subsequent recurrence of a condition does not abrogate the need for prior written notice (*see, Sipourene v County of Nassau,* 266 AD2d 450; *Heywood v City of Buffalo,* 18 AD2d 770). Joy, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.