■ BIENVENIDA ARIAS, an Infant, by Her Father and Natural Guardian, BIENVENIDO ARIAS, et al., Respondents, v CITY OF NEW YORK, Appellant. [725 NYS2d 394] —In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered August 24, 2000, which, upon the denial of its motion pursuant to CPLR 4401, made at the close of the plaintiffs' case, for judgment as a matter of law dismissing the complaint for failure to establish a prima facie case, is in favor of the plaintiffs and against it in the principal sum of $350,451.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff alleged that she was injured when she fell after stepping in a hole in a paved pathway in Highland Park. At trial, the plaintiffs conceded that the defendant did not have prior written notice of the defect as required by Administrative Code of the City of New York § 7-201, but

contended that the defendant was still subject to liability because it had negligently constructed the pathway.

A municipality which has enacted a prior written notice statute cannot be subject to liability for personal injuries unless it received written notice of the dangerous condition, its affirmative act of negligence proximately caused the accident, or a special use confers a special benefit of the municipality (*see, Amabile v City of Buffalo,* 93 NY2d 471; *Estrada v City of New York,* 273 AD2d 194). In the instant case, the plaintiffs failed to establish when the defect arose or when the walkway was constructed. In addition, there is no evidence the defect arose when the walkway was constructed, or that the walkway, when constructed, did not comply with established engineering practices (*see, Capobianco v Mari,* 272 AD2d 497). Accordingly, the defendant's motion for judgment as a matter of law dismissing the complaint should have been granted (*see, Amabile v City of New York, supra; Cohen v Hallmark Cards,* 45 NY2d 493). Goldstein, J. P., McGinity, Schmidt and Smith, JJ., concur.