■ ROBERT DURHAM, as Guardian of YVETTE S. DURHAM, an Incapacitated Person, Respondent, v COUNTY OF CLINTON, Appellant, et al., Defendant. [726 NYS2d 759] —Crew III, J. Appeal from an order of the Supreme Court (Dawson, J.), entered July 13, 2000 in Clinton County, which denied defendant County of Clinton's motion for summary judgment dismissing the complaint against it.

In March 1993, plaintiff's daughter sustained serious injuries as the result of a motor vehicle accident that occurred on County Route 57 in Clinton County. As a consequence, plaintiff commenced the instant action on behalf of his daughter against, among others, defendant County of Clinton (hereinafter defendant) alleging that the highway where the accident occurred was negligently designed, constructed and maintained. Following joinder of issue, defendant unsuccessfully moved for summary judgment and this appeal ensued.

We affirm. Initially, we reject defendant's assertion that Supreme Court erred in denying summary judgment because prior written notice of the allegedly unsafe condition had not been afforded in accordance with Local Laws, 1990, No. 1 of the County of Clinton. It is axiomatic that such notice provisions do not control where, as here, the claimed defect is alleged to have been created as a result of an affirmative act of the municipality (*see, Amabile v City of Buffalo*, 93 NY2d 471, 474).

Nor are we persuaded that defendant adduced sufficient proof to demonstrate its entitlement to judgment as a matter of law. In support of its motion for summary judgment, defendant submitted an affidavit of Alan Gonseth, a registered professional engineer, who opined that "the design, construction and operation of the roadway met all appropriate highway guidelines." Such conclusory assertion with no factual relationship to the accident in question does not establish that plaintiff's cause of action has no merit, thus entitling defendant to summary judgment (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Moreover, even assuming the adequacy of Gonseth's affidavit, the affidavit of plaintiff's expert, Robert Sutherland, submitted in opposition to the motion, clearly raises material issues of fact for trial.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.