■ WILLIAM P. BURNS, Respondent, v CITY OF POUGHKEEPSIE, Appellant. [739 NYS2d 458] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated November 28, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced this action against the City of Poughkeepsie for injuries he allegedly sustained on November 2, 1997, when he was thrown from his bicycle while riding through a puddle which concealed a storm drain and catch basin in front of the premises located at 128 Mansion Street. The City established its prima facie entitlement to judgment as a matter of law based upon the plaintiff's failure to comply with the prior written notice requirements of section 15.03 of the Charter of the City of Poughkeepsie. Based on six photographs which purportedly depicted the existence of depressed asphalt where the City installed a storm drain and catch basin in 1995, the plaintiff argued, in opposition to the motion, that prior written notice was not required since the City itself affirmatively created the condition. The Supreme Court denied the motion, on the ground that the photographs created a question of fact as to whether the City created the defect. We reverse.

It is well settled that in the absence of prior written notice, a plaintiff is required to demonstrate that the City caused or created the defective condition to defeat the City's motion for summary judgment (*see Ricciuti v Village of Tuckahoe,* 202 AD2d 488; *Combs v Incorporated Vil. of Freeport,* 139 AD2d 688). It is also clear that "if [an] opponent is to succeed in defeating a summary judgment motion he [or she] * * * must

make his [or her] showing by producing evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068). The completely unauthenticated photographs submitted by the plaintiff did not constitute evidence in admissible form (*see Gutierrez v Cohen,* 227 AD2d 447).

While the City's assistant civil engineer testified that in 1995 the City replaced the storm drain and catch basin in front of the premises at 128 Mansion Street, he specifically stated that at his direction the grate was installed to lie flat with the surrounding surface in conformance with accepted engineering practices. Accordingly, even if properly authenticated, the plaintiff's photographs do not raise a triable issue of fact that the City was negligent in installing the drain and catch basin.

Under the circumstances, the plaintiff failed to raise an issue of fact as to the City's negligence, and thus, the City is entitled to summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.