■ IRENE WALKER et al., Respondents, v INCORPORATED VILLAGE OF NORTHPORT, Appellant, et al., Defendants. [757 NYS2d

801] —In an action to recover damages for personal injuries, etc., the defendant Incorporated Village of Northport appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated June 18, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the Incorporated Village of Northport, and the action against the remaining defendants is severed.

The Incorporated Village of Northport made a prima facie showing of its entitlement to judgment as a matter of law by establishing that it neither received the requisite prior written notice of the alleged defect, nor bore responsibility for the creation of the alleged defect (*see* Village Law § 6-628; *Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Contrary to the plaintiffs' contention, they failed to raise an issue of fact that the Village either had prior written notice of the alleged defect or created the subject sidewalk defect through an affirmative act of negligence (*see Amabile v City of Buffalo, supra*; *Kiernan v Thompson,* 73 NY2d 840, 842 [1988]; *Bang v Town of Smithtown,* 291 AD2d 516 [2002]). Accordingly, the motion by the Village for summary judgment should have been granted and the complaint dismissed insofar as asserted against the Village. Altman, J.P., Smith, McGinity and Crane, JJ., concur.