■ ELIZABETH W. MEDINA, Respondent, v CITY OF NEW YORK, Appellant. [778 NYS2d 292]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Bunyan, J.), dated March 31, 2003, which, inter alia, upon a jury verdict in favor of the plaintiff and against it, and upon the denial of its motion, in effect, pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case, made at the close of the plaintiff's case, is in favor of the plaintiff and against it in the principal sum of $166,000.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly was injured when she stepped into a hole immediately adjacent to a sewer catch basin. At trial, the plaintiff limited herself to the theory that the defendant was subject to liability because it negligently constructed the catch basin.

The plaintiff did not proffer any evidence at trial that the defect arose when the catch basin was constructed, or that the catch basin, when constructed, did not comply with established engineering practices (*see Arias v City of New York,* 284 AD2d 354, 355 [2001]; *Mendes v Whitney-Floral Realty Corp.,* 216 AD2d 540, 542 [1995]). Accordingly, the Supreme Court should have granted the defendant's motion, in effect, pursuant to CPLR 4401 to dismiss the complaint for failure to establish a prima facie case. Ritter, J.P., Goldstein, Crane and Spolzino, JJ., concur.