■ Renee Corey, Appellant, v Town of Huntington, Respondent. [780 NYS2d 156]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated September 25, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the Town of Huntington for injuries she allegedly sustained on June 22, 2001. The plaintiff fell off the sidewalk in an area where the curb abutting it was several inches lower. The Town established its prima facie entitlement to judgment as a matter of law based upon the plaintiff's failure to comply with the prior written notice requirements of Town Law § 65-a and Huntington Town Code § 173-18. In opposition, the plaintiff argued that prior written notice was not required since the Town affirmatively created the condition, relying on several photographs of the site and the opinion of an expert engineer. The Supreme Court granted the motion, finding that the opinion of the plaintiff's expert that the alleged defect was caused by gradual settlement over a period of years did not establish that the Town created the defect or obviate the requirement of prior written notice.

One of the exceptions to the rule requiring prior written notice, discussed in *Amabile v City of Buffalo* (93 NY2d 471, 474 [1999]), is that the locality created the defect through an affirmative act. For this exception to apply, the plaintiff was required to demonstrate that the locality did something more than stand by while the curb settled in relation to the abutting sidewalk over a period of years (*see Burns v City of Poughkeepsie*, 293 AD2d 435 [2002]; *Vise v County of Suffolk*, 207 AD2d 341, 342 [1994]; *Michela v County of Nassau*, 176 AD2d 707, 708 [1991]). The slowly evolving nature of the alleged defective condition through settlement of the curb over a substantial number of years would not constitute an affirmative act of negligence as envisioned by the Court in *Amabile v City of Buffalo (supra)*. Accordingly, the Supreme Court correctly granted the defendant's motion for summary judgment. Santucci, J.P., Townes, Crane and Lifson, JJ., concur.