■ ANN MARIE L. GALANTE et al., Respondents, v VILLAGE OF SEA CLIFF et al., Defendants, and COUNTY OF NASSAU, Appellant. [787 NYS2d 376]—

In an action, inter alia, to recover damages for personal injuries, the defendant County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered January 7, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and granted the plaintiffs' cross motion, in effect, to compel discovery to the extent of directing it to respond to demands for certain items contained in the plaintiffs' notice for discovery and inspection dated August 18, 2003.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, the cross motion is denied as academic, and the complaint is dismissed insofar as asserted against the defendant County of Nassau.

The injured plaintiff alleged that she tripped and fell as a result of a raised piece of concrete in the thoroughfare located in the intersection of Prospect Avenue and Littleworth Lane in the Village of Sea Cliff. After commencement of the action, the defendant County of Nassau moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not receive prior written notice of the alleged defect in accordance with Nassau County Administrative Code § 12-4 [e]. The plaintiffs opposed the motion through an affidavit of an engineer and photographs of the accident site. The Supreme Court denied the County's motion finding that "the confluence of the submitted photos and expert evidence serve to raise a triable issue of fact." We reverse.

A prior written notice law adopted by a municipality bars a claim for personal injury caused by a defect in a sidewalk, or other specifically designated area, unless the claimant can establish that the municipality created the defect in question through an affirmative act of negligence (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Berner v Town of Huntington*, 304 AD2d 513 [2003]; *Walker v Incorporated Vil. of Northport*, 304 AD2d 823 [2003]). Here, there was no proof that the County received prior written notice of the alleged defect (*see* Nassau County Administrative Code § 12-4 [e]). Furthermore, the plaintiffs failed to raise a triable issue of fact that the County created the alleged defect (*see Amabile v City of Buffalo, supra*).

The plaintiffs contend that the defect at issue was caused by the County's alleged negligent construction of the roadway which took place approximately 50 years before the injured plaintiff's accident. However, the affidavit of the plaintiff's engineer merely opined that the cracking and uplift of the concrete was "consistent with improper installation" and/or "design error." The affidavit did not state that this event was *caused* by the County's actions. Moreover, given the long passage of time between the accident and the construction of the roadway, the plaintiffs failed to demonstrate that the alleged defect was the result of the County's affirmative act of negligence, rather than the mere passage of time (*see Corey v Town of Huntington*, 9 AD3d 345 [2004]; *Burns v City of Poughkeepsie*, 293 AD2d 435 [2002]; *Michela v County of Nassau*, 176 AD2d 707 [1991]).

Accordingly, the Supreme Court should have granted the County's motion for summary judgment (*see Trincere v County*

*of Suffolk*, 90 NY2d 976 [1997]; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In light of our determination, the County's remaining contention has been rendered academic. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.