Tomasz Bielecki, Appellant, v City of New York, Respondent. [788 NYS2d 67]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 25, 2003, which, pursuant to the court's grant of defendant's posttrial motion to set aside the jury's verdict, dismissed the complaint, unanimously affirmed, without costs.

Plaintiff fell and injured himself when he stepped into an ankle-deep hole in a pedestrian pathway in Central Park. There is no evidence that defendant (the City) received prior written notice of the defect in the pathway, as required under the Pothole Law (Administrative Code of City of NY § 7-201 [c] [2]) to render the City liable for injuries caused by such defect. Accordingly, the trial court correctly granted the City's motion to set aside the jury's verdict in favor of plaintiff. Contrary to plaintiff's argument, the subject defect was not the creation of an affirmative act of negligence by the City within the meaning of *Amabile v City of Buffalo* (93 NY2d 471, 474 [1999]) so as to render the Pothole Law's notice requirement inapplicable. We understand the affirmative negligence exception to the notice requirement to be limited to work by the City that immediately results in the existence of a dangerous condition. Here, plaintiff's expert did not opine that the subject defect existed immediately upon the completion of the City's repair work. Rather, he opined that the defect developed over time as the

result of water seeping into, and freezing within, the City's allegedly negligent patchwork repair of the pathway (*cf. Kiernan v Thompson*, 73 NY2d 840, 841-842 [1988] [notice was not required where a city's removal of a tree stump "creat[ed] the broken and defective condition of the sidewalk that resulted in plaintiff's injuries"]). If we were to extend the affirmative negligence exception to cases like this one, where it is alleged that a dangerous condition developed over time from an allegedly negligent municipal repair, the exception to the notice requirement would swallow up the requirement itself, thereby defeating the purpose of the Pothole Law. For this reason, we now overrule *Torres v City of New York* (306 AD2d 191 [2003]). Concur—Buckley, P.J., Tom, Saxe, Sullivan and Friedman, JJ.