SECOND DEPARTMENT, JANUARY, 2005

(January 10, 2005)

■ JULIO ABREU, Respondent, v CITY OF NEW YORK, Appellant.
[788 NYS2d 150]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Grays, J.), entered July 18, 2003, which, upon the denial of its motion to dismiss the complaint, made at the close of the plaintiff's case, upon a jury verdict finding it 80% at fault and the plaintiff 20% at fault in the happening of the accident, and upon a separate jury verdict awarding damages in the total sum of $120,000, is in favor of the plaintiff and against it in the principal sum of $96,000.

Ordered that the judgment is affirmed, with costs.

On January 18, 1996, the plaintiff was injured when he fell into a catch basin located on a Queens street. At trial, the plaintiff presented testimony from an engineer that the iron grating of the catch basin caved in because, when it was installed, the soil surrounding and supporting it was not correctly compacted.

The evidence was legally sufficient to support the jury verdict (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Kiley v Almar, Inc.*, 1 AD3d 570 [2003]). The plaintiff presented sufficient evidence for a rational juror to conclude that the defendant's affirmative act of negligence in the installation and construction of the catch basin created the dangerous condition which proximately caused the accident, thereby obviating the need for prior written notice to the defendant of the dangerous condition (*see Amabile v City of Buffalo*, 93 NY2d 471, 473-475 [1999]; *Combs v Incorporated Vil. of Freeport*, 139 AD2d 688, 689 [1988]; cf. *Corey v Town of Huntington*, 9 AD3d 345, 346 [2004]; *Arias v City of New York*, 284 AD2d 354, 355 [2001]; *Toohey v Town of Brunswick*, 191 AD2d 858 [1993]). In this regard, we reject the defendant's argument that the plaintiff's expert's testimony was speculative. Such testimony was fairly inferable from the evidence (*see Tate v Freeport Union School Dist.*, 7 AD3d 695, 696 [2004]; *Kozma v Biberfeld*, 264 AD2d 817, 818 [1999]; *Toohey v Town of Brunswick, supra*).

The defendant's remaining contentions are without merit. Prudenti, P.J., Ritter, Fisher and Lifson, JJ., concur.