■ ALLISON GOLD, Appellant, v COUNTY OF WESTCHESTER, Respondent. [790 NYS2d 675]—

Motion by the appellant for leave to reargue an appeal from an order of the Supreme Court, Westchester County, entered October 8, 2003, which was determined by decision and order of this Court dated October 25, 2004 [11 AD3d 655].

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted to the extent that the decision and order of this Court dated October 25, 2004, is recalled and vacated, and the following decision and order is substituted therefor and the motion is otherwise denied:

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered October 8, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff brought this action to recover damages for injuries she allegedly sustained when her bicycle struck a pothole on June Road in the County of Westchester. The County moved for summary judgment, inter alia, on the ground that it had not received prior written notice of the allegedly dangerous condition in the roadway. The County, as the proponent of the motion for summary judgment, met its initial burden of demonstrating that it did not receive prior written notice of the allegedly dangerous defect (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Amabile v City of Buffalo*, 93 NY2d 471 [1999]).

In response, the plaintiff failed to submit sufficient evidence in admissible form to raise a triable issue of fact as to whether the County created the allegedly dangerous condition. For the exception to the notice requirement to apply based on the County affirmatively creating the defective condition (*see Amabile v City of Buffalo, supra* at 474), the plaintiff was required to demonstrate that the County did something more than stand by while a roadway joint settled over a period of years (*see Burns v City of Poughkeepsie*, 293 AD2d 435 [2002]; *Vise v County of Suffolk*, 207 AD2d 341, 342 [1994]; *Michela v County of Nassau*, 176 AD2d 707, 708 [1991]). The slowly evolving nature of the alleged defective condition through settlement of the pavement joint over a substantial number of years would not constitute an affirmative act of negligence as envisioned by the Court of Appeals in *Amabile v City of Buffalo (supra)* (*see Corey v Town of Huntington*, 9 AD3d 345, 346 [2004]).

Moreover, contrary to the plaintiff's contention, she failed to raise a triable issue of fact as to whether the pothole existed for a sufficient length of time to charge the municipality with constructive notice of its existence pursuant to Westchester County Code § 780.01 (*cf. Hilliard v Town of Greenburgh*, 301 AD2d 572, 573 [2003]; *DeHoust v Aakjar*, 290 AD2d 927, 928 [2002]).

The plaintiff's remaining contentions either are unpreserved for review, improperly raised for the first time on appeal, or without merit (*see Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757, 758 [1985]). Prudenti, P.J., Cozier, Crane and Lifson, JJ., concur.