■ SUSAN GLASER, Respondent, v COUNTY OF ORANGE, Appellant, and VILLAGE OF WARWICK et al., Respondents. [803 NYS2d 669]—

In an action, inter alia, to recover damages for wrongful death, the defendant County of Orange appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated July 21, 2004, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant County of Orange, and the action against the remaining defendants is severed.

The plaintiff's decedent was killed when the rear axle assembly of a dump truck, which was owned by the defendant Village of Warwick and operated by the defendant Thomas M. Knapp, became dislodged, airborne, and struck the decedent's vehicle, which was stopped in the opposite lane of traffic. The

defendant County of Orange, which maintained the subject road, moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending, inter alia, that it did not have prior written notice of the alleged defect and that the absence of a "slippery when wet sign" was not a proximate cause of the accident. That motion was denied. We reverse.

The County established its entitlement to judgment as a matter of law by demonstrating that it did not receive prior written notice of the alleged dangerous defect in the roadway (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Gold v County of Westchester*, 15 AD3d 439, 440 [2005]). In opposition, the plaintiffs, and the Village and Knapp failed to submit evidence sufficient to raise a triable issue of fact as to whether the County created the alleged defect (*see Amabile v City of Buffalo, supra* at 474). Additionally, the plaintiffs' contention regarding the applicability of Highway Law § 139 (2) to this case has been raised for the first time on appeal and is not properly before this Court (*see Matter of Dowsett v Dowsett*, 172 AD2d 610, 611 [1991]).

The contention of the Village and Knapp that they are entitled to an award of costs from the appellant is without merit. S. Miller, J.P., Ritter, Rivera and Skelos, JJ., concur.