(January 17, 2006)

■ ALBERTA ALBRIGHT, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [807 NYS2d 146]—

In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated June 18, 2004, which denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it or, alternatively, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the appeal from so much of the order as denied that branch of the cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it is dismissed as academic; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the cross motion which was for summary judgment is granted, the complaint is dismissed insofar as asserted against the defendant City of New York, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The City of New York established its prima facie entitlement to judgment as a matter of law by submitting evidence that it never received prior written notice of the defect in the roadway that allegedly caused the plaintiff's fall (*see* Administrative Code of City of NY § 7-201 [c] [2]).

In opposition, the plaintiff claimed that the City created the alleged dangerous condition. However, she failed to raise a triable issue of fact as to whether the condition was created through the sort of "affirmative act of negligence" contemplated by *Amabile v City of Buffalo* (93 NY2d 471, 474 [1999]). Accordingly, the Supreme Court should have granted summary judgment dismissing the complaint insofar as asserted against the City (*see Gold v County of Westchester*, 15 AD3d 439 [2005]; *Bielecki v City of New York*, 14 AD3d 301 [2005]; *Corey v Town of Huntington*, 9 AD3d 345 [2004]; *cf. Abreu v City of New York*, 14 AD3d 469 [2005]). Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.