■ HARRY KUSHNER et al., Appellants, v CITY OF ALBANY, Respondent. [811 NYS2d 796]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered February 2, 2005 in Albany County, which, inter alia, granted defendant's motion for a directed verdict dismissing plaintiffs' complaint.

On March 10, 2002, plaintiff Harry Kushner (hereinafter plaintiff) was injured while riding his bicycle on Whitehall Road in the City of Albany when he struck a pothole in the street and was ejected from the bike. He and his wife, derivatively, filed this action against defendant seeking recovery for his injuries. Defendant answered, claiming, among other things, that plaintiffs failed to comply with its prior written notice requirement (*see* Albany City Code § 24-1). Plaintiffs proceeded to trial

contending that no prior written notice was required of this defective condition because defendant affirmatively created the defect in the roadway. At the close of plaintiffs' proof, defendant moved for a directed verdict. Supreme Court granted the motion finding that the alleged affirmative negligence of defendant in repairing the pothole did not result in an "immediate" defective condition but, rather, the condition evolved over a period of time, citing the recent First Department case of *Bielecki v City of New York* (14 AD3d 301 [2005]). This appeal ensued. We affirm. While we do not adopt the precise rationale of the First Department in *Bielecki v City of New York* (*supra*), we find that an ineffectual pothole repair job which does not make the condition any worse is not an affirmative act of negligence.

The gist of plaintiffs' proof at trial* was that defendant's use of a cold patch (an admittedly temporary cold weather remedy) to fill the subject pothole without first excavating it resulted in the patch being dissipated prior to the date of the accident. In other words, what was once a pothole gradually became a pothole again. Countenancing plaintiffs' logic, defendant would have no liability if it had done nothing (*see Bryant v City of Newburgh*, 193 AD2d 773, 774 [1993]), but is now liable because it made an imperfect repair that clearly did not make the matter any worse. Such an illogical result compels the conclusion that an attempted repair which does not exacerbate the defective condition cannot constitute an affirmative act of negligence such that defendant is precluded from relying on its prior notice law (*see Cardinale v Watervliet Hous. Auth.*, 302 AD2d 666, 667 [2003] [conduct which does not exacerbate a hazardous condition not negligence]). Accordingly, Supreme Court properly dismissed the complaint.

Cardona, P.J., and Spain, J., concur.

Peters, J. (concurring in part, dissenting in part). We concur with the majority's disinclination to adopt the rationale of the First Department in *Bielecki v City of New York* (14 AD3d 301 [2005]) and their determination that an ineffectual pothole repair which does not make the condition any worse would not be an affirmative act of negligence. Yet, we believe that Supreme Court erred in not submitting this case to the jury.

The testimony and exhibits show that the subject road was resurfaced in 1967. At that time, the specifications for resurfac-

---

* Plaintiffs' alternative theories of failure to abide by the 1967 paving specifications or negligent drainage design were nothing more than sheer speculation as plaintiffs' expert admitted on cross-examination that he was unfamiliar with the base of the road and conducted his drainage analysis after the roadway had been repaved.

ing called for the placement of asphalt blacktop on top of a solid concrete base. A photograph of the pothole into which plaintiff Harry Kushner rode shows cobblestones beneath the asphalt, contrary to the solid concrete base called for by the specifications. While defendant's employee initially testified that paving over cobblestones will undermine a roadway surfacing— testimony that he later contradicted at trial—plaintiffs' expert, Joseph McHugh, a civil engineer, testified that this failure to abide by the specifications was one of the causes of the pothole. McHugh further testified, after examining the longitudinal pitch of the drainage system on the relevant portion of the roadway, that defendant's failure to provide positive drainage to the drainage structure led to a pooling of water that caused a deterioration of the roadway. Since we cannot conclude, upon this evidence, that " 'there is no rational process by which [the trier of fact] could [have found] for [plaintiffs]' " (*Fellion v Darling*, 14 AD3d 904, 906 [2005], quoting *Clemente v Impastato*, 274 AD2d 771, 773 [2000]), we believe that Supreme Court erred when it granted defendant's motion for a directed verdict.

Kane, J., concurs. Ordered that the judgment is affirmed, without costs.