■ KEVIN AUGUSTINE et al., Respondents, v TOWN OF ISLIP, Appellant. [813 NYS2d 493]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated October 6, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant established its entitlement to judgment as a matter of law by submitting evidence demonstrating that it had no prior written notice of the roadway defect that allegedly caused the infant plaintiff's accident (*see* Town Law § 65-a; Islip Town Code § 47A-3; *Cendales v City of New York,* 25 AD3d 579 [2006]; *Lopez v G&J Rudolph Inc.,* 20 AD3d 511 [2005]; *Filaski-Fitzgerald v Town of Huntington,* 18 AD3d 603 [2005]). Although an exception to the prior written notice requirement exists when a locality creates the subject defect through an affirmative act of negligence (*see Amabile v City of Buffalo,* 93 NY2d 471 [1999]), the evidence the plaintiffs submitted in opposition was insufficient to raise an issue of fact as to whether this exception applies (*see Lopez v G&J Rudolph Inc., supra; Filaski-Fitzgerald v Town of Huntington, supra; Arias v City of New York,* 284 AD2d 354 [2001]; *Carbo v City of New York,* 275 AD2d 439 [2000]; *Capobianco v Mari,* 272 AD2d 497 [2000]). While photographs of the accident site indicate that the subject pothole may previously have been repaired, there was no evidence as to when the repair was made, or that a dangerous condition existed at the time the repair was completed, or shortly thereafter. Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.