■ SHARON A. HEALY, Respondent, v VILLAGE OF PATCHOGUE, Appellant, et al., Defendants. [813 NYS2d 499]—

In an action to recover damages for personal injuries, the defendant Village of Patchogue appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated February 22, 2005, as, upon reargument, adhered to a prior determination in an order dated September 20, 2004, denying its motion for summary judgment dismissing the complaint insofar as asserted against it and granting the plaintiff's cross motion to strike its answer to the extent of directing it to produce certain records and incident reports.

Ordered that the order dated February 22, 2005 is reversed insofar as appealed from, on the law, with costs, upon reargument, the motion for summary judgment is granted, the complaint is dismissed in its entirety, the cross motion is denied as academic, and the order dated September 20, 2004 is modified accordingly.

Pursuant to Village Law § 6-628, a village may be liable for personal injuries caused by a dangerous condition on its streets if the village has received prior written notice of the condition (*see Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *Katz v City of New York,* 87 NY2d 241, 243 [1995]; *Farrago v Great Atl. & Pac. Tea Co., Inc.,* 17 AD3d 631, 632 [2005]). The Court of Appeals has recognized only two exceptions to the prior written notice rule, namely, where the village created the defect through an affirmative act of negligence, or where a "special use" confers a special benefit to the village (*see Amabile v City of Buffalo, supra* at 474).

Here, on its motion for summary judgment, the defendant Village of Patchogue established its entitlement to judgment as a matter of law. The deposition testimony of the Village's Superintendent of Public Works, as well as the affidavits of the Village's Clerk and Highway Foreman, established that the Village did not receive prior written notice of the allegedly dangerous condition in the roadway which allegedly caused the plaintiff's injuries (*see Rochford v City of Yonkers,* 12 AD3d 433 [2004];

*Butts v Village of Sag Harbor,* 260 AD2d 419 [1999]). Since, in response, the plaintiff failed to raise a triable issue of fact as to whether the Village received prior written notice of that condition, or as to whether one of the two exceptions to the prior written notice rule applied, the Supreme Court, upon reargument, should have granted the motion (*see Amabile v City of Buffalo, supra* at 474; *Albright v City of New York,* 25 AD3d 577 [2006]; *Lopez v G&J Rudolph Inc.,* 20 AD3d 511 [2005]; *Ganzenmuller v Incorporated Vil. of Port Jefferson,* 18 AD3d 703 [2005]; *Farrago v Great Atl. & Pac. Tea Co., Inc., supra* at 632).

The Village's remaining contentions are academic in light of our determination. Krausman, J.P., Mastro, Fisher and Covello, JJ., concur.