■ PABLO OCASIO, Respondent, v CITY OF NEW YORK, Appellant. [813 NYS2d 408]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered October 28, 2004, which, to the extent appealed from, following a jury verdict awarding plaintiff $665,000, denied defendant's motion to set aside the verdict, unanimously reversed, on the law, without costs, the motion granted, the judgment vacated and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

The facts of this case are analogous to those in our recent decision in *Bielecki v City of New York* (14 AD3d 301 [2005]). In *Bielecki*, we affirmed the trial court in granting the City's motion to set aside the verdict and dismiss the complaint where the plaintiff failed to show that the City had prior written notice (Administrative Code of City of NY § 7-201 [c] [2]) of the hole in a pedestrian walkway that he stepped into, causing his injuries. Similarly here, the record evidence shows that the City did not receive such notice of the pothole that caused plaintiff's injury and that the pothole's recurrence, approximately two years after repair by the City, was not the result of an affirmative act of negligence by the City (*cf. Kiernan v Thompson*, 73 NY2d 840 [1988]). Concur—Mazzarelli, J.P., Saxe, Sullivan, Nardelli and Williams, JJ.

■ ILLINOIS NATIONAL INSURANCE COMPANY, Appellant, v JAROSLAWICZ & JAROS et al., Respondents. [811 NYS2d 918]—Appeal from order, Supreme Court, New York County (Rolando T. Acosta, J.), entered October 25, 2005, unanimously withdrawn in accordance with the terms of the stipulation of the parties hereto. No opinion. Order filed. Concur—Andrias, J.P., Saxe, Friedman, Marlow and Sullivan, JJ.