KASHAWN YARBOROUGH, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [813 NYS2d 511]—

In an action to recover damages for personal injuries, the defendant the City of New York appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated October 25, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff was injured when he stepped into a pothole on East 57th Street adjacent to the Harry Maze Playground in Brooklyn. The City of New York established, prima facie, its entitlement to summary judgment by showing that it had no prior written notice of the alleged dangerous condition. In opposition, the plaintiff argued that the City created the defective condition through an affirmative act of negligence (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]). The Supreme Court denied the City's motion. We reverse.

Whether or not the Supreme Court improvidently exercised its discretion in considering the plaintiff's expert affidavits submitted in opposition to the motion for summary judgment (*compare Ortega v New York City Tr. Auth.,* 262 AD2d 470, [1999] *with Blade v Town of N. Hempstead,* 277 AD2d 268, 269 [2000]), the plaintiff's submissions were insufficient to raise a triable issue of fact as to whether the City created the defect through an affirmative act of negligence, which is an exception to the City's prior written notice requirement under Administrative Code of the City of NY § 7-201 (c) (2) (*see Amabile v City of Buffalo, supra; Kiernan v Thompson,* 73 NY2d 840, 841-842 [1988]; *Mayer v Town of Brookhaven,* 266 AD2d 360, 361 [1999]). The plaintiff's engineers submitted sufficient evidence that the City was the only entity that could have been responsible for the allegedly defective street repair, and outlined the manner in which the repair deviated from relevant construction industry practices (*see Rochford v City of Yonkers,* 12 AD3d 433, 434 [2004]). However, the plaintiff submitted no evidence as to when the street repair occurred in relation to the accident or that the repair immediately resulted in a dangerous condition (*see Bielecki v City of New York,* 14 AD3d 301 [2005]). The mere "eventual" emergence of a dangerous condition as a result of wear and tear and environmental factors, as described by one of the plaintiff's experts, does not constitute an affirmative act of negligence that abrogates the need to comply with prior written notice requirements (*see Lopez v G&J Rudolph Inc.,* 20 AD3d 511, 512 [2005]; *Gold v County of Westchester,* 15 AD3d 439 [2005]; *Bielecki v City of New York, supra; Corey v Town of Huntington,* 9 AD3d 345, 346 [2004]; *Carbo v City of New York,* 275 AD2d 439 [2000]). Accordingly, the plaintiff failed to raise a triable issue of fact in opposition to the City's motion for summary judgment (*see Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]). Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.