KATIE DANIELS, Appellant, v CITY OF NEW YORK, Respondent. [814 NYS2d 258]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated March 23, 2005, which granted the defendant's motion pursuant to CPLR 4404 to set aside a jury

verdict in favor of the plaintiff and against it, and to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly determined that the plaintiff failed to submit legally sufficient evidence as to whether the defective roadway condition upon which she fell was created through the sort of "affirmative act of negligence" contemplated by *Amabile v City of Buffalo* (93 NY2d 471, 474 [1999]; *see Albright v City of New York,* 25 AD3d 577 [2006]). Although there was evidence that the defendant, City of New York, undertook to repair the subject roadway eight years before the plaintiff's accident, there was legally insufficient proof that the defective condition existed immediately upon the City's completion of the repair work, or that the deterioration of the roadway was caused by the City's repair, instead of developing over a period of time (*see Lopez v G&J Rudolph Inc.,* 20 AD3d 511, 512-513 [2005]; *Gold v County of Westchester,* 15 AD3d 439, 440 [2005]; *Bielecki v City of New York,* 14 AD3d 301, 302 [2005]; *Corey v Town of Huntington,* 9 AD3d 345, 346 [2004]; *Arias v City of New York,* 284 AD2d 354, 355 [2001]; *Carbo v City of New York,* 275 AD2d 439 [2000]; *Capobianco v Mari,* 272 AD2d 497 [2000]; *cf. Cendales v City of New York,* 25 AD3d 579 [2006]; *Abreu v City of New York,* 14 AD3d 469 [2005]). Because it is undisputed that the City was not provided with prior written notice of the defect (*see* Administrative Code of the City of New York § 7-201 [c] [2]), the Supreme Court correctly granted the City's motion pursuant to CPLR 4404 to set aside the verdict in favor of the plaintiff and to dismiss the complaint. Florio, J.P., Crane, Goldstein and Spolzino, JJ., concur.