■ GLORIA MAZZOLA, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [821 NYS2d 247]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated May 25, 2005, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant City of New York established its prima facie entitlement to judgment as a matter of law by submitting evidence that it never received prior written notice of the defect in the roadway that allegedly caused the plaintiff to fall (*see* Administrative Code of City of NY § 7-201 [c] [2]). In opposition, the plaintiff asserted that the City created the allegedly dangerous condition. However, the unsworn report of the plaintiff's engineering expert did not constitute competent evidence (*see* CPLR 2106; *Rubens v Fund,* 23 AD3d 636, 637 [2005]; *Ritts v Teslenko,* 276 AD2d 768, 769 [2000]; *Woodard v City of New York,* 262 AD2d 405 [1999]) and, therefore, was insufficient to raise a triable issue of fact as to whether the condition was created through an affirmative act of negligence (*see Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]). Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see Katsoudas v City of New York,* 29 AD3d 740 [2006]; *Colon v City of New York,* 29 AD3d 724 [2006]; *Yarborough v City of New York,* 28 AD3d 650 [2006]; *Albright v City of New York,* 25 AD3d 577, 578 [2006]).

The plaintiff's contention that the alleged defect constituted a special use of the roadway was improperly raised for the first time on appeal (*see General Motors Acceptance Corp. v Grade A Auto Body, Inc.,* 21 AD3d 447 [2005]; *Ealey v City of New York,* 16 AD3d 543 [2005]). Miller, J.P., Adams, Skelos and Covello, JJ., concur.