■ DAVID FERREIRA et al., Appellants, v COUNTY OF ORANGE, Respondent. [825 NYS2d 122]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Horowitz, J.), entered July 8, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Local Law No. 3 (1978) of Orange County requires that prior written notice of any allegedly defective condition existing on its roadways be given to the Commissioner of Public Works before an action may be maintained against the County of Orange to recover damages for personal injuries caused by the defective condition. The only two exceptions to this rule are where the municipality affirmatively created the defect, or where a special

use confers a special benefit upon the municipality (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Berner v Town of Huntington*, 304 AD2d 513 [2003]).

In the instant case, the injured plaintiff, who was employed as part of a road crew, was injured when the guardrail he leaned on gave way and he fell 10 feet into a stream by the side of a County road. In this ensuing lawsuit, the defendant's motion for summary judgment was granted. We affirm.

There is no dispute that no prior written notification of the allegedly defective guardrail on the subject County road was received by the defendant. Accordingly, upon such showing, the defendant established its prima facie entitlement to summary judgment. In opposition, the plaintiffs failed to raise a triable issue of fact, through the use of their expert or otherwise, as to whether the allegedly defective condition was created by the defendant's affirmative acts of negligence (*see Gold v County of Westchester*, 15 AD3d 439, 440 [2005]; *Camera v Barrett*, 144 AD2d 515, 516 [1988]). Specifically, in order to defeat summary judgment the plaintiffs were required to raise a triable issue as to whether the defendant affirmatively created the condition, and whether the condition was the result of normal wear and tear (*see Galante v Village of Sea Cliff*, 13 AD3d 577, 578 [2004]; *Corey v Town of Huntington*, 9 AD3d 345, 346 [2004]). Here, the plaintiffs' expert conceded that the guardrail had deteriorated due to weathering and the salting of the road over time.

Additionally, any painting of the guardrail by the defendant, which the plaintiffs argue gave the defendant actual notice of the deteriorating condition, did not qualify as a substitute for prior written notice as required by Local Law No. 3 (1978) of Orange County (*see Lysohir v County of Suffolk*, 10 AD3d 638, 639 [2004]; *Berner v Town of Huntington, supra* at 513; *Harvey v Monteforte*, 292 AD2d 420, 421 [2002]). The defendant's alleged failure to otherwise maintain and repair the guardrail did not constitute an affirmative act of negligence exempting the action from prior written notice requirements (*see Buccellato v County of Nassau*, 158 AD2d 440, 442 [1990]). The plaintiffs' contention that the defendant is estopped from raising the prior written notification requirement as a defense is improperly raised for the first time on appeal and, in any event, is without merit (*see Glaser v County of Orange*, 22 AD3d 720, 721 [2005]; *Crossland Sav., FSB v Friedman*, 216 AD2d 351, 352 [1995]).

Finally, the plaintiffs do not claim that the defendant made any special use of the guardrail (*see Amabile v City of Buffalo, supra* at 474). Upon the plaintiffs' failure to raise a triable issue of fact, the Supreme Court properly granted the defendant's

motion for summary judgment. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.