■ BRUNILDA TRINIDAD et al., Respondents, v CITY OF MOUNT VERNON, Appellant, et al., Defendants. [857 NYS2d 657]—

In an action to recover damages for personal injuries, etc., the defendant City of Mount Vernon appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered February 27, 2007, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant City of Mount Vernon for summary judgment dismissing the complaint insofar as asserted against it is granted.

A municipality that has enacted a prior written notice law cannot be held liable for a defect within the meaning of the law absent proof of prior written notice or an exception thereto (*see Poirier v City of Schenectady,* 85 NY2d 310, 313 [1995]; *Barry v Niagara Frontier Tr. Sys.,* 35 NY2d 629, 633-634 [1974]). The Court of Appeals has recognized two exceptions to this rule, "namely, where the locality created the defect or hazard through an affirmative act of negligence [and] where a 'special use' confers a special benefit upon the locality" (*Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]; *see Delgado v County of Suffolk,* 40 AD3d 575 [2007]; *Lopez v G&J Rudolph Inc.,* 20 AD3d 511, 512 [2005]). "[T]he affirmative negligence exception . . . [is] limited to work by the City that immediately results in the existence of a dangerous condition" (*Bielecki v City of New York,* 14 AD3d 301, 301 [2005]; *see Oboler v City of New York,* 8 NY3d 888, 889 [2007]; *Daniels v City of New York,* 29 AD3d 514, 515 [2006]).

Here, the defendant City of Mount Vernon established its entitlement to judgment as a matter of law by submitting evidence establishing that it had no prior written notice of the defective condition in the sidewalk which allegedly caused the injured plaintiff's fall (*see Smith v Town of Brookhaven,* 45 AD3d 567 [2007]; *Filaski-Fitzgerald v Town of Huntington,* 18 AD3d 603, 604 [2005]; *Gold v County of Westchester,* 15 AD3d 439, 440 [2005]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact as to whether the City created the alleged defect through an affirmative act of negligence. While there was some evidence that the City performed water service work at or near the accident site more than seven years before the accident, there was legally insufficient proof that the defective condition existed immediately

upon the City's completion of the repair work, or that the deterioration of the sidewalk was caused by the City's repair, instead of developing over a period of time (*see Daniels v City of New York,* 29 AD3d at 515; *Bielecki v City of New York,* 14 AD3d at 301). Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it. Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur.