■ NETTIE HALITZER et al., Appellants, v VILLAGE OF GREAT NECK PLAZA, INC., Respondent, et al., Defendants. [881 NYS2d 474]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Brandveen, J.), dated August 7, 2007, which, upon a jury verdict on the issue of liability, and upon an order of the same court dated November 27, 2007, denying their motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, or, in the alternative, for a new trial on the issue of liability, is in favor of the defendant Village of Great Neck Plaza, Inc., and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Nettie Halitzer allegedly tripped and fell while walking on a brick "paver" walkway when she struck her toe on a brick paver that was raised three-quarters of an inch to one inch above the others. The raised brick paver abutted a tree pit box. There was evidence that both the brick paver walkway and the tree pit box had been installed by the defendant Village of Great Neck Plaza, Inc. (hereinafter the Village). However, there was no evidence that the Village received written notice of the alleged defective condition.

At the conclusion of the trial, the jury rendered a verdict in favor of the Village against the plaintiffs. The jury found that no affirmative act of the Village caused the subject brick paver located at the tree pit to be raised above the others. The plaintiffs moved pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, or, in the alternative, for a new trial on the issue of liability. That motion was denied and a judgment was entered in favor of the Village and against the plaintiffs dismissing the complaint.

The Supreme Court correctly denied the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside the verdict in favor of the Village and against them, and for judgment as a matter of law, or in the alternative, for a new trial on the issue of liability. It is undisputed that the Village was not provided with prior written notice of the raised brick paver on the public walkway that allegedly caused the injured plaintiff's accident. As such, the plaintiffs were required to demonstrate that the Village created the condition of the raised brick paver that allegedly caused the injured plaintiff's accident through an "affirmative act of negligence" or that a "special use" conferred a special benefit upon the Village (*Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]). While there was evidence that the Village installed the brick paver walkway and the tree pit boxes located in the subject

walkway approximately 15 years prior to this accident, the plaintiffs were unable to demonstrate that a dangerous condition existed immediately after the completion of its installation, that the dangerous condition was caused by a repair allegedly performed by the Village, or that the Village enjoyed a special use over the subject portion of the brick paver walkway (*see Scavuzzo v City of New York,* 47 AD3d 793, 794-795 [2008]; *Daniels v City of New York,* 29 AD3d 514, 515 [2006]).

The jury's verdict on the issue of liability is supported by legally sufficient evidence, since there was a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury (*see generally Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Moreover, the jury's verdict was supported by a fair interpretation of the evidence (*see Desposito v City of New York,* 55 AD3d 659 [2008]).

The plaintiffs' remaining contentions are without merit. Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.