■ Frances Zimbardi, Appellant, v City of New York, Respondent, et al., Defendants. [941 NYS2d 594]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered August 23, 2011, which, in this action for personal injuries allegedly sustained by plaintiff when she tripped on cobblestones near a tree on a sidewalk, denied plaintiff's motion

for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

Plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law as to liability. The testimony of a Department of Parks and Recreation employee concerning a tree rescue program, and the report of an inspection of the trees on the block where plaintiff allegedly fell, do not show that the City had prior written notice of the alleged dangerous condition pursuant to Administrative Code of City of NY § 7-201 (c) (2) (*see Amabile v City of Buffalo*, 93 NY2d 471, 475-476 [1999]; *Rosenblum v City of New York*, 89 AD3d 439, 439 [2011]). Contrary to plaintiff's contention, the City produced documents relevant to its knowledge of the alleged dangerous condition and, in any event, it was plaintiff's burden to show that the City had prior written notice of the alleged defect, which she failed to do. Nor did she move for sanctions based on the City's alleged wilful failure to produce documents (*see* CPLR 3126).

Plaintiff also failed to present evidence showing that any affirmative act of the City resulted in the existence of the dangerous condition (*see Oboler v City of New York*, 8 NY3d 888, 889 [2007]; *Rosenblum*, 89 AD3d at 439-440). Indeed, plaintiff presented no evidence that the City planted the tree at the subject location, that it installed the alleged uneven cobblestones, that it improperly placed the tree guard, or that its affirmative acts immediately resulted in a dangerous condition (*see Oboler*, 8 NY3d at 890). Concur—Gonzalez, P.J., Tom, Catterson, Renwick and Richter, JJ.