■ DENNIS DELCAMP et al., Respondents, v VILLAGE OF BROCTON, Appellant. [705 NYS2d 150] —Order insofar as appealed from unanimously reversed on the law without costs, fourth ordering paragraph vacated, motion granted and complaint dismissed. Memorandum: During a severe rainstorm the basement of plaintiffs' residence was flooded, allegedly due to the obstruction of a culvert by a log. Plaintiffs commenced this action against defendant, Village of Brocton (Village), alleging that its highway superintendent negligently failed to remove the log from the culvert in time to prevent the flooding of plaintiffs' premises. The Village moved to dismiss the complaint for failure to state a cause of action on the ground that plaintiffs failed to allege that the Village had received prior written notice of the obstructed culvert as required by Village Law § 6-628. Supreme Court elected to treat the motion as one for summary judgment (*see,* CPLR 3211 [c]). After receiving factual submissions, the court denied the motion on the ground that there are issues of fact whether the highway superintendent knew of the obstruction before plaintiffs' premises were flooded and, if so, whether he exercised reasonable care to remove the obstruction in a timely manner. That was error.

Village Law § 6-628 prohibits a civil action against a village for damages "sustained in consequence of" a culvert being obstructed unless the village clerk receives written notice thereof and the village fails to remove the obstruction within a reasonable time after receipt of such notice. Plaintiffs' alleged damages were "sustained in consequence of" an obstructed culvert, and thus plaintiffs' failure to allege compliance with the prior written notice statute requires dismissal of the complaint for failure to state a cause of action (*see, Swartzman v County of Chautauqua,* 152 AD2d 970; *Cipriano v City of New York,* 96 AD2d 817, 818). Contrary to the contention of

plaintiffs, the highway superintendent's alleged actual notice of the obstruction does not obviate the necessity for prior written notice (*see, Sorrento v Duff*, 261 AD2d 919; *Wisnowski v City of Syracuse*, 213 AD2d 1069; *Lalley v Adam, Meldrum & Anderson Co.*, 186 AD2d 1083).

Even assuming, arguendo, that plaintiffs' allegation that the Village negligently failed to react in an emergency removes this action from the scope of Village Law § 6-628, we conclude that dismissal is nonetheless required. A municipality may not be held liable for negligence in the performance of a governmental function in the absence of a special relationship with the injured party (*see, O'Connor v City of New York*, 58 NY2d 184, 189, *rearg denied* 59 NY2d 762; *Motyka v City of Amsterdam*, 15 NY2d 134, 139), and plaintiffs have neither pleaded nor proved any such special relationship here (*see, Helman v County of Warren*, 111 AD2d 560, 560-561, *affd* 67 NY2d 799; *Office Park Corp. v County of Onondaga*, 64 AD2d 252, 257-258, *affd* 48 NY2d 765; *Motyka v City of Amsterdam, supra*). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt and Lawton, JJ.