■ JOSEPH BRUNI, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [756 NYS2d 81] —In an action to recover damages for personal injuries, the defendant City of New York

appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered November 13, 2001, which, upon a jury verdict finding it 100% at fault in the happening of the accident and upon the denial of its oral application pursuant to CPLR 4401 for judgment as a matter of law made at the close of the evidence, and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law, with costs, the application is granted, and the complaint is dismissed.

The plaintiff instituted this action to recover damages for injuries he sustained when he fell after stepping into a hole in the curb immediately adjacent to a defective sewer catch basin. At trial, the plaintiff proffered evidence of an intra-departmental work order pertaining to the catch basin prepared more than one month before the accident by the New York City Department of Environmental Protection (hereinafter the NYCDEP). The Supreme Court denied an oral application of the defendant City of New York, pursuant to CPLR 4401 for judgment as a matter of law at the close of the evidence, on the ground that the plaintiff failed to establish notice under Administrative Code of the City of New York § 7-201 (c) (hereinafter the Pothole Law). Subsequently, a jury found the City 100% at fault in the happening of the accident and awarded damages.

Contrary to the plaintiff's contention, the intra-departmental work order submitted by a supervisor with the NYCDEP, which noted that the catch basin was defective, does not constitute a "written acknowledgment from the city" of the defective condition within the meaning of the Pothole Law (*see Laing v City of New York,* 71 NY2d 912 [1988]; *Kempler v City of New York,* 272 AD2d 584 [2000]; *Sparrock v City of New York,* 242 AD2d 289 [1997]). Moreover, the plaintiff failed to establish that the City created the defect through an affirmative act of negligence so as to put this case into one of the recognized exceptions to the statutory condition precedent to bringing an action against the City (*see Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]). Accordingly, the Supreme Court erred in denying the City's application.

In light of this determination, the City's remaining contentions have been rendered academic. Smith, J.P., Goldstein, Townes and Mastro, JJ., concur.