■ BACILIO SILVA et al., Appellants, v CITY OF NEW YORK, Respondent. [774 NYS2d 788]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated September 6, 2002, which, upon the granting of the defendant's oral application before trial to dismiss the complaint for failure to comply with the prior written notice provision of the Administrative Code of the City of New York § 7-201 (c) (2), dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly dismissed the plaintiffs' complaint. The plaintiffs failed to provide the City of New York with prior written notice of the defect which allegedly caused the accident (*see* Administrative Code § 7-201 [c] [2]). Actual or constructive notice does not satisfy this requirement (*see Amabile v City of Buffalo,* 93 NY2d 471, 475-476 [1999]; *Poirier v City of Schenectady,* 85 NY2d 310, 314 [1995]; *Harvey v Monteforte,* 292 AD2d 420, 421 [2002]; *Delcamp v Village of Brocton,* 270 AD2d 842 [2000]). The plaintiffs did not plead compliance with the prior written notice provision of the Administrative Code, which was fatal to their action against the City (*see Katz v City of New York,* 87 NY2d 241, 243 [1995]; *David v City of New York,* 267 AD2d 419 [1999]. Their reliance on an exception to the written notice requirement based on a condition caused by the affirmative negligence of the City is misplaced. They contend that this negligence consisted of a failure to repair a water main in an expeditious manner, and a failure to repair is not affirmative behavior necessary to establish that the City created the defective condition (*see Bruni v City of New York,* 302 AD2d 545, 546 [2003]; *cf. Kiernan* v *Thompson,* 73 NY2d 840, 841 [1988]; *see generally Amabile v City of Buffalo, supra* at 474).

The plaintiffs' remaining contentions either are unpreserved for appellate review or without merit. Ritter, J.P., Santucci, Adams and Crane, JJ., concur.