■ Bacilio Silva et al., Appellants, v City of New York, Respondent. [793 NYS2d 478]—

Motions by the appellants (1) for leave to reargue an appeal from a judgment of the Supreme Court, Kings County, dated September 6, 2002, which was determined by decision and order of this Court dated April 19, 2004 [6 AD3d 604], or, (2) for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motions and the papers filed in opposition thereto, it is

Ordered that the motion for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the motion for leave to reargue is granted, and upon reargument, the decision and order of this Court dated April 19, 2004, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated September 6, 2002, which, upon the granting of the defendant's oral application before trial to dismiss the complaint for failure to comply with the prior written notice provision of the Administrative Code of the City of New York § 7-201 (c) (2), dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly dismissed the plaintiffs' complaint. The plaintiffs failed to provide the City of New York with prior written notice of the defect which allegedly caused the accident (*see* Administrative Code of City of New York § 7-201 [c] [2]). Actual or constructive notice does not satisfy this requirement (*see Amabile v City of Buffalo,* 93 NY2d 471, 475-476 [1999]; *Poirier v City of Schenectady,* 85 NY2d 310, 314 [1995]; *Harvey v Monteforte,* 292 AD2d 420, 421 [2002]; *Delcamp v Village of Brocton,* 270 AD2d 842 [2000]). While there was written acknowledgment of the defect from the City which presents an exception to the written notice requirement (*see Bruni v City of New York,* 2 NY3d 319, 327 [2004]), the accident occurred within the grace period provided by the Administrative Code, which gives the city 15 days to repair or remove the defect (*see* Administrative Code § 7-201 [c] [2]).

The plaintiffs' reliance on another exception to the written notice requirement based on a condition caused by the affirmative negligence of the City (*see Amabile v City of Buffalo, supra* at 474; *Kiernan v Thompson*, 73 NY2d 840, 841 [1988]) is also unavailing. They contend that this negligence consisted of a failure to repair a water main in an expeditious manner. A failure to repair is not affirmative behavior necessary to establish that the City created the defective condition (*see Gold v County of Westchester*, 15 AD3d 439 [2005]; *Corey v Town of Huntington*, 9 AD3d 345, 346 [2004]; *Vise v County of Suffolk*, 207 AD2d 341, 342 [1994]; *Michela v County of Nassau*, 176 AD2d 707, 708 [1991]).

The plaintiffs' remaining contentions either are unpreserved for appellate review or without merit. Adams, J.P., Ritter, Santucci and Crane, JJ., concur.