██ DANIEL KRUSZKA, Appellant, v CITY OF NEW YORK et al., Respondents. [816 NYS2d 510]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated October 20, 2004, as granted that branch of the motion of the defendant Brooklyn Union Gas Company which was for summary judgment dismissing the complaint insofar as asserted against it, and (2), as limited by his brief, from so much of an order of the same court dated February 16, 2005, as granted those branches of the separate motions of the defendants City of New York and Consolidated Edison Company of New York, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the orders are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court properly granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff failed to establish that the City had prior written notice of the defect which allegedly caused the accident (see Administrative Code of City of NY § 7-201 [c] [2]). While there was written acknowledgment of the defect from the City, which presented an exception to the written notice requirement, the accident occurred within the grace period provided by Administrative Code § 7-201 (c) (2), which gives the City 15 days to repair or remove the defect (see Silva v City of New York, 17 AD3d 566, 567 [2005]). The plaintiff's argument that he was excepted from any prior notice requirement based upon the City's alleged affirmative creation of a defect by the placement of cones in the area of the accident is improperly raised for the first time on appeal (see Medugno v City of Glen Cove, 279 AD2d 510, 511 [2001]; Gross v Aetna Cas. & Sur. Co., 240 AD2d 468 [1997]). In any event, the argument is without merit, as the placement of cones did not create the depression in the roadway that was the proximate cause of the accident (see Lopez v G&J Rudolph Inc., 20 AD3d 511, 512 [2005]; accord Acevedo v City of New York, 128 AD2d 488 [1987]).

Additionally, the Supreme Court properly dismissed the complaint insofar as asserted against the defendants Consolidated Edison Company of New York (hereinafter Con Ed) and Brooklyn Union Gas Company (hereinafter Brooklyn Union). Con Ed and Brooklyn Union established their prima facie entitlement to judgment as a matter of law by submitting proof that they did not perform any work in the area where the

plaintiff was injured (*see Tsviling v City of New York*, 275 AD2d 367, 368 [2000]). The plaintiff's speculative assertion that work performed on the opposite side of the street from where the accident occurred was the cause of the defect was insufficient to raise a triable issue of fact (*see Hovi v City of New York*, 226 AD2d 430, 431 [1996]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.