■ Darren Baker et al., Plaintiffs, v Raymond Punancy et al., Defendants, and City of New York, Defendant and Third-Party Plaintiff-Respondent. Brooklyn Union Gas Company, Third-Party Defendant-Appellant. [829 NYS2d 700]—

In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated June 3, 2005, as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the third-party complaint is granted.

The injured plaintiff was driving northbound on 212th Street in Queens when he collided with the vehicle driven by the defendant Raymond Punancy, which was traveling westbound on 91st Avenue. Westbound traffic at the intersection of 91st Avenue and 212th Street was governed by a stop sign, which was supposed to be located at the northeast corner of the intersection. At the time of the accident, however, the stop sign was not present. After the plaintiffs commenced this action against Punancy, the City of New York, and others, the City commenced a third-party action against Brooklyn Union Gas Company (hereinafter BUG). BUG moved for summary judgment dismissing the third-party complaint. The Supreme Court denied the motion. We reverse.

The Supreme Court should have granted the third-party defendant's motion for summary judgment dismissing the third-party complaint. The third-party defendant met its initial burden as the movant by submitting evidence sufficient to establish, prima facie, that it did not perform any work at the northeast corner of the subject intersection and that it did not remove the stop sign from that location (*see Kruszka v City of New York*, 29 AD3d 742, 743-744 [2006]; *Hovi v City of New York*, 226 AD2d 430 [1996]; *Tsviling v City of New York*, 275 AD2d 367, 368 [2000]). In response, no triable issue of fact was raised. Rivera, J.P., Florio, Skelos and McCarthy, JJ., concur.