(March 18, 2008)

■ Christopher Alvino, Respondent, v City of New York, Appellant. [853 NYS2d 666]—

The plaintiff commenced this action to recover damages from the defendant City of New York for injuries allegedly sustained when he stepped on a loose metal plate on the sidewalk and fell into a hole. The City cannot be held liable for a defect in a sidewalk unless, inter alia, it received written notice of the defect, or made a written acknowledgment of the condition, and failed to remedy the condition within 15 days after the notification or acknowledgment (*see* Administrative Code of City of NY § 7-201 [c] [2]; *Bruni v City of New York,* 2 NY3d 319, 324-326 [2004]). Here, while there was a written acknowledgment of the defect from the City, the accident occurred within the 15-day grace period (*see Kruszka v City of New York,* 29 AD3d 742, 743 [2006]; *Silva v City of New York,* 17 AD3d 566, 567 [2005]).

In opposition to the City's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether one of the exceptions to the prior notice requirement was applicable (*see Amabile v City of Buffalo,* 93 NY2d 471 [1999]). There is no evidence that the City either created the defective condition or made special use of the area (*see Oboler v City of New York,* 8 NY3d 888, 889-890 [2007]; *Kruszka v City of New York,* 29 AD3d at 743; *Silva v City of New York,* 17 AD3d at 567).

Consequently, the Supreme Court should have granted the City's cross motion for summary judgment dismissing the complaint (*see Kruszka v City of New York,* 29 AD3d at 743; *Silva v City of New York,* 17 AD3d at 567). Mastro, J.P., Covello, Eng and Belen, JJ., concur.