Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered May 25, 2007 in a personal injury action. The order, among other things, granted the cross motion of defendant City of Syracuse for summary judgment dismissing the complaint against it.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell on a sidewalk located in the City of Syracuse (defendant). Supreme Court previously granted that part of the motion of defendant for summary judgment dismissing the complaint against it with respect to any claim based on “passive negligence” and denied that part of defendant’s motion with respect to any claim against it based on “active negligence.” Plaintiff thereafter moved for leave to renew her opposition to that part of defendant’s motion with respect to passive negligence and the court, upon granting leave to renew, adhered to its prior decision. In addition, the court granted the cross motion of defendant for summary judgment dismissing the complaint against it. We affirm.
Contrary to plaintiffs contention, defendant is immune from *1271 liability pursuant to section 8-115 (1) of the Charter of the City of Syracuse (Charter). That provision requires that prior written notice of a defective condition on a sidewalk be provided to defendant’s Commissioner of Public Works in order to maintain an action against defendant for damages allegedly resulting from that defective condition. Here, it is undisputed that defendant did not have prior written notice of the allegedly defective condition, as required by the Charter. Plaintiff contends that defendant was aware of the allegedly defective condition because actual notice had been provided through defendant’s telephone hotline. “[AJlleged actual notice of the [defect, however,] does not obviate the necessity for prior written notice” (Delcamp v Village of Brocton, 270 AD2d 842, 843 [2000]). In addition, plaintiff’s reliance on Gorman v Town of Huntington (47 AD3d 30 [2007]) is misplaced inasmuch as that case involved a misdirected written notification of a defective condition and, here, there is no indication in the record before us that plaintiff attempted to provide written notification of the allegedly defective condition. Present—Scudder, PJ., Martoche, Lunn, Peradotto and Green, JJ.