In an action to recover damages for personal injuries, the defendant/third-party plaintiff appeals (1) from an order of the Supreme Court, Orange County (McGuirk, J.), dated January 7, 2008, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, (2) from an order of the same court, also dated January 7, 2008, which granted the motion of the defendants Lloyd A. Carter and Thomas Leichliter for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (3), as limited by its brief, from so much of an order of the same court, also dated January 7, 2008, as granted that branch of the motion of the third-party defendant County of Orange which was for summary judgment dismissing the third-party complaint insofar as asserted against it.
Ordered that the first order is reversed, and the motion of the defendant/third-party plaintiff for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,
Ordered that the appeals from the second and third orders are dismissed; and it is further,
Ordered that one bill of costs is awarded to the appellant, payable by the defendants Lloyd A. Carter and Thomas Leichliter, and one bill of costs is awarded to the third-party defendant County of Orange, payable by the appellant.
On October 2, 2003, the plaintiff, John Katulak, was involved in an automobile accident with a vehicle operated by the defendant Lloyd A. Carter and owned by the defendant Thomas Leichliter (hereinafter the Carter vehicle). The accident took place at the intersection of County Route 50 and McVeigh Road in Wawayanda. At the time of the accident, the plaintiff was traveling north on McVeigh Road, and was partially through the intersection. The Carter vehicle, which was traveling on County Route 50, struck the rear driver’s side panel of the plaintiffs vehicle. McVeigh Road was usually controlled by a stop sign. However, at the time of the subject accident, the stop sign was missing. According to Thomas Amodio, a supervisor employed by the Department of Public Works of the County of Orange, certain trucks and workers of the appellant were present at the subject intersection on the morning of the accident.
The plaintiff commenced the instant action against Carter, *512 Leichliter, and Orange and Rockland Utilities, Inc. (hereinafter the appellant). Thereafter, the appellant commenced a third-party action against, among others, the County. Carter and Leichliter moved, and the appellant separately moved, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Further, the County moved, inter alia, for summary judgment dismissing the third-party complaint insofar as asserted against it. The Supreme Court granted the motions of the County, and Carter and Leichliter, and denied the appellant’s motion. The appellant now appeals.
The Supreme Court should have granted the appellant’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In support of its motion, the appellant established its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the appellant removed the stop sign (see Garcia v City of New York, 53 AD3d 644 [2008]; Baker v Punancy, 37 AD3d 504, 505 [2007]).
The appeal from so much of the second order as granted those branches of the motion of Carter and Leichliter which were for summary judgment dismissing the complaint and the third-party cross claims insofar as asserted against them must be dismissed, as the appellant is not aggrieved by that portion of the order (see CPLR 5511).
The appeal from the remaining portion of the second order and the appeal from the third order must be dismissed as academic in light of our determination that the Supreme Court should have granted the appellant’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Rivera, J.E, Miller, Dickerson and Roman, JJ., concur.