■ LUCY TORTORICI, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. (And a Third-Party Action.) [16 NYS3d 572]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated May 20, 2013, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 5, 2007, the plaintiff allegedly was injured when she tripped and fell on a raised sidewalk flag. The defendants Ronald Scarabaggio and Debra Y. Scarabaggio own the property abutting the sidewalk flag where the accident occurred. The Scarabaggios had hired the third-party defendants, M&B Construction, Inc., and M&B Concrete (hereinafter together M&B), to replace the sidewalk in July 2004. Ronald Scarabaggio testified at a deposition that in August 2007, he noticed that the sidewalk had become uneven because of a nearby tree, and called "311" to complain about the condition of the sidewalk. The plaintiff filed a notice of claim and subsequently commenced this action to recover damages for personal injuries against the Scarabaggios and the City of New York. The Scarabaggios commenced a third-party action against M&B. The City moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the ground, inter alia, that it did not receive written notice of the condition at least 15 days prior to the accident, as required by Administrative Code of the City of NY § 7-201 (c) (2). The Supreme Court granted that branch of the motion.

The City demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence showing that no written notice of any defect was received with regard to the subject sidewalk (*see* Administrative Code of City of NY § 7-201 [c] [2]; *Poirier v City of Schenectady*, 85 NY2d 310, 313-314 [1995]; *Minew v City of New York*, 106 AD3d 1060, 1061 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact.

Contrary to the plaintiff's contention, neither Ronald Scarabaggio's "311" call nor the records generated by the City's Department of Parks and Recreation (hereinafter the DPR) from that call provided the City with prior written notice of the sidewalk defect. A verbal or telephonic communication to a municipal body, even if reduced to writing, cannot satisfy the prior written notice requirement (*see Gorman v Town of Huntington,* 12 NY3d 275, 280 [2009]; *Kapilevich v City of New York,* 103 AD3d 548, 549 [2013]; *Batts v City of New York,* 93 AD3d 425, 426 [2012]; *Spanos v Town of Clarkstown,* 81 AD3d 711, 712 [2011]; *Kiszenik v Town of Huntington,* 70 AD3d 1007, 1008 [2010]; *McCarthy v City of White Plains,* 54 AD3d 828, 829-830 [2008]). Nor did the "open request" generated from that "311" call, which was received by the DPR clerk on the computer system, constitute a "written acknowledgment" by the City of a defective condition (*see Haulsey v City of New York,* 123 AD3d 606, 607 [2014]; *cf. Bruni v City of New York,* 2 NY3d 319 [2004]). Moreover, to the extent that the DPR's inspection notification dated October 31, 2007, satisfies the "written acknowledgement" alternative of Administrative Code of the City of NY § 7-201 (c) (2) (*see e.g. Bruni v City of New York,* 2 NY3d at 327), the accident occurred on November 5, 2007, within the 15-day grace period allowed to the City to repair or remove the defect (*see Alvino v City of New York,* 49 AD3d 676, 676 [2008]; *Kruszka v City of New York,* 29 AD3d 742, 743 [2006]; *Silva v City of New York,* 17 AD3d 566, 567 [2005]).

The plaintiff's contention that the City is equitably estopped from raising the prior written notice requirement as a defense is improperly raised for the first time on appeal (*see Ferreira v County of Orange,* 34 AD3d 724, 725 [2006]; *Glaser v County of Orange,* 22 AD3d 720, 721 [2005]; *Crossland Sav., FSB v Friedman,* 216 AD2d 351, 352 [1995]) and, in any event, without merit (*see Matter of County of Orange [Al Turi Landfill, Inc.],* 75 AD3d 224, 238 [2010]; *Yassin v Sarabu,* 284 AD2d 531 [2001]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur.