Garafola-Booth v City of New York (2018 NY Slip Op 05575)





Garafola-Booth v City of New York


2018 NY Slip Op 05575


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-01939
 (Index No. 707449/14)

[*1]Lisa Garafola-Booth, plaintiff-respondent, 
v
City of New York, et al., defendants-respondents, 24 Seven Plumbing, Inc., appellant, et al., defendants.


Gialleonardo, Frankini, Harms & Pieret, Mineola, NY (James R. Pieret of counsel), for appellant.
Raphaelson & Levine Law Firm, P.C., New York, NY (Steven C. November of counsel), for plaintiff-respondent.
Zachary W. Carter, Corporation Counsel, New York, NY (Barbara Graves-Poller of counsel), for defendants-respondents City of New York, New York City Department of Transportation, and New York City Department of Environmental Protection (no brief filed).



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 24 Seven Plumbing, Inc., appeals from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered February 3, 2017. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately, and the motion of the defendant 24 Seven Plumbing, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
The plaintiff allegedly sustained personal injuries when she fell after stepping in a "sinkhole" in the street in front of a residence at 107-12 101st Street in Queens. The defendant 24 Seven Plumbing, Inc. (hereinafter 24 Seven), performed work on 101st Street approximately nine months prior to the accident. At that time, it installed a water line in front of a residence at 107-30 101st Street, approximately 180 feet from the site of the plaintiff's accident. The plaintiff commenced this action against 24 Seven and the City of New York, among others. The plaintiff alleged that 24 Seven's work on the street created the sinkhole. 24 Seven moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied 24 Seven's motion, and 24 Seven appeals.
"A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk" (Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130, 1132 [internal quotation marks omitted]; see Hayes v DeMicco Bros., Inc., 34 AD3d 641; Tobias v DiFazio Elec., 288 AD2d 209, 210). 24 Seven established its prima facie [*2]entitlement to summary judgment through evidence demonstrating that its road work did not create the sinkhole that allegedly caused the plaintiff's fall (see Lewis v City of New York, 82 AD3d 1054; Baker v Punancy, 37 AD3d 504; Kruszka v City of New York, 29 AD3d 742, 743-744; Tsviling v City of New York, 275 AD2d 367). In opposition, the plaintiff and the City offered only speculative assertions as to how 24 Seven's work created the sinkhole, and therefore, failed to raise a triable issue of fact (see Burton v City of New York, 153 AD3d 487; Garcia v City of New York, 53 AD3d 644).
Accordingly, the Supreme Court should have granted 24 Seven's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court