Barrett v City of New York (2018 NY Slip Op 08108)





Barrett v City of New York


2018 NY Slip Op 08108


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-01571
 (Index No. 8055/11)

[*1]Judy Barrett, appellant, 
v
City of New York, respondent.


Sullivan Papain Block McGrath & Cannavo, P.C. (Stephen C. Glasser, Gabriel A. Arce-Yee, and Vito Cannavo of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Richard Dearing of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated January 3, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On June 26, 2010, the plaintiff allegedly was injured when she tripped and fell on the edge of a pothole on East Third Street between Vanderbilt Street and Greenwood Avenue in Brooklyn. In April 2011, the plaintiff commenced this action against the City of New York, alleging that the City had prior written notice of the alleged condition. After discovery, the City moved for summary judgment dismissing the complaint on the ground that it did not receive prior written notice of the defect pursuant to Administrative Code of the City of New York § 7-201(c)(2). The Supreme Court granted the City's motion, and the plaintiff appeals.
The City demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence showing that it made a diligent search of its records and found no prior written notice (see Tortorici v City of New York, 131 AD3d 959, 959; Ramos v City of New York, 55 AD3d 896, 897). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the record of a complaint received through the Department of Transportation's 311 call center in March 2010 did not constitute a written acknowledgment of the alleged pothole that the plaintiff claims caused her to fall (see Tortorici v City of New York, 131 AD3d at 960; Hogin v City of New York, 103 AD3d 419, 419-420; Ramos v City of New York, 55 AD3d at 897).
The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court