■ DOMINIC CARAMANICA et al., Respondents, v CITY OF NEW ROCHELLE, Appellant, et al., Defendants. [702 NYS2d 351] —In an

action to recover damages for personal injuries, etc., the defendant City of New Rochelle appeals from (1) a decision of the Supreme Court, Westchester County (Kellman, J.H.O.), dated September 29, 1998, and (2) so much of an order of the same court (Nicolai, J.), dated March 16, 1999, as granted that branch of the plaintiffs' motion which was to dismiss the fifth affirmative defense asserted in its answer and denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the plaintiffs' motion which was to dismiss the fifth affirmative defense asserted in the appellant's answer is denied, the appellant's cross motion for summary judgment dismissing the complaint insofar as asserted against it is granted, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellant is awarded one bill of costs.

On February 13, 1996, the plaintiff Dominic Caramanica allegedly was injured when he tripped and fell on a sidewalk in New Rochelle. The City of New Rochelle moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it had received no prior written notice of the defect as required by the City of New Rochelle Charter § 127A.

The City is entitled to summary judgment. A municipality which has enacted appropriate legislation may not be subject to liability for personal injuries resulting from a defective sidewalk unless it has received actual written notice of the dangerous condition, or its affirmative act of negligence proximately caused the accident (*see, Amabile v City of Buffalo,* 93 NY2d 471; *Poirier v City of Schenectady,* 85 NY2d 310, 313; *Kominski v Village of Tarrytown,* 218 AD2d 786; *Ferris v County of Suffolk,* 174 AD2d 70).

The plaintiffs' contention that the City failed to maintain indexed records of notices received is unavailing. When presented with such a failure, the burden shifts to the municipality to show that it made a diligent and good-faith search of its internal records (*see, Mollahan v Village of Port Washington N.,* 153 AD2d 881, 885). Here, the municipality made a diligent effort and good-faith search of its records and found no prior written notice. Further, the plaintiffs failed to demonstrate that any affirmative acts of negligence by the City proximately

caused the injured plaintiff to trip and fall because of a defective condition on the sidewalk (*see, Kominski v Village of Tarrytown, supra*). Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.