■ LANIE ALEXOPOULOS, as Administratrix of the Estate of JOHN P. ALEXOPOULOS, Deceased, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [829 NYS2d 502]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered May 8, 2006, which denied plaintiff's motion to compel defendants to produce two additional employees for deposition, unanimously reversed, on the law, without costs, the motion granted and the note of issue and statement of readiness vacated.

This action arises from an accident in which plaintiff's decedent fell from a subway platform onto the tracks and was killed by an oncoming train. Defendants' liability is premised on, inter alia, allegations that they knew of overcrowded conditions on the subway platform and made those conditions worse by starting a construction project, thereby causing decedent's fall to his death. Discovery provided plaintiff with memoranda authored by James Wincek, the Transit Authority's director of hazard assessment, Office of System Safety, and the approval by Cheryl Kennedy, vice president of the Office of System Safety, of design guidelines for use in the construction project. Each of those documents bore directly on the nature of overcrowding at

this specific platform and proposals for ameliorating any dangerous condition that may have existed. While plaintiff was allowed to depose the train operator and the station master, her motion to depose Wincek and Kennedy should also have been granted, since she made a "detailed showing" of the necessity for taking additional depositions, in that she demonstrated that the employees already deposed had insufficient information and there was a substantial likelihood that those sought to be deposed possess information necessary and material to the prosecution of the case (*see Simon v Advance Equip. Co.*, 126 AD2d 632 [1987]). The documents created by and for Wincek and Kennedy indicate that they might have personal knowledge regarding why only the Queens-bound service was suspended, why service was suspended only until 9:30 A.M., and whether follow-up studies were conducted in 2003 regarding the service changes. Since defendants' prior knowledge or creation and negligent maintenance of the overcrowding condition is central to plaintiff's case, the IAS court should have granted the motion (*see Longo v Armor El. Co.*, 278 AD2d 127 [2000]; *Daniels v Otis El. Co.*, 236 AD2d 330 [1997]). Concur—Tom, J.P., Saxe, Sullivan, Buckley and McGuire, JJ.