■ In the Matter of RICHARD ERDEY, Appellant, v CITY OF NEW YORK et al., Respondents. [11 NYS3d 592]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered April 24, 2014, denying the petition, except for the second cause of action, on which relief was previously granted, inter alia, to compel respondents to expunge all materials placed in petitioner's personnel file related to a finding that he violated respondent Fire Department's (FDNY) Equal Employment Opportunity policy or, in the alternative, to compel respondents to grant petitioner a full and fair opportunity to challenge the allegations that he violated the policy, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner waived any rights to the relief he seeks, the expungement of the subject materials from his personnel file or an opportunity to be heard on the allegations, in a September 27, 2011 agreement with FDNY settling disciplinary charges against him (see *Matter of Miller v Coughlin*, 59 NY2d 490 [1983]; *Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown*, 46 NY2d 450, 455 [1979], *cert denied* 444 US 845 [1979]). His reliance on *Matter of D'Angelo v Scoppetta* (19 NY3d 663 [2012]) is misplaced, since there was no waiver in that case. Petitioner's arguments that the waiver provisions of the settlement agreement are inapplicable to the instant case were improperly raised for the first time in his reply brief.

Petitioner's contention that the court should have awarded

him attorneys' fees is not properly before us since it was raised for the first time in his reply brief.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Friedman and Kapnick, JJ.