■ JAN EPPERSON, Appellant, v CITY OF NEW YORK, Respondent. ALAN GAYLOR, Appellant, v CITY OF NEW YORK, Respondent, and WILLIAM GOTTLIEB REALTY Co., LLC, et al., Appellants. OLGA PEREZ, Appellant, v CITY OF NEW YORK et al., Respondents. [21 NYS3d 23]—

Orders, Supreme Court, New York County (Margaret A. Chan, J.), entered February 6, 2014 and February 18, 2014, which granted the City's motions for summary judgment dismissing the respective complaints of plaintiffs Jan Epperson and Alan Gaylor, and denied plaintiffs' respective cross motions to preclude the City from contesting the issue of prior written notice and for summary judgment on that issue, or, in the alternative, compelling the Commissioner of Transportation or other city personnel to appear for a deposition, unanimously affirmed, without costs. Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered May 6, 2014, which denied plaintiff Olga Perez's motion for summary judgment based on the City's failure to comply with Administrative Code of City of NY § 7-201 (c) (3) and (4), or, in the alternative to compel the Commissioner of Transportation or other city personnel to appear for a deposition, and granted the City's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The City conceded in each case that it had not complied with Administrative Code § 7-201 (c) (3) and (4) concerning maintaining an indexed book of all written notices which it received and acknowledgments it gave as to the existence of defective, unsafe conditions, and that the DOT did not provide written acknowledgment of notice of such conditions. The City asserts that it converted to electronic databases which are a sufficient alternative system for determining whether prior written notice was received by it. Plaintiffs, and the landowner defendants in the Gaylor case, contend that the City's failure to comply with the strict mandates of the Administrative Code should relieve plaintiffs of the prior written notice provisions of Administrative Code § 7-201 (c) (2).

The courts properly shifted the burden to the City to

demonstrate the lack of prior written notice of the defective conditions that allegedly caused plaintiffs' injuries, given its admitted failure to comply with the Administrative Code provisions (*see Gorman v Town of Huntington*, 12 NY3d 275, 280 [2009]; *Caramanica v City of New Rochelle*, 268 AD2d 496, 497 [2d Dept 2000]; *Dufrane v Robideau*, 214 AD2d 913, 915 [3d Dept 1995]). The courts also properly declined to relieve plaintiffs of the statutory obligation to show prior written notice.

Plaintiff Epperson failed to present evidence sufficient to raise a triable issue of fact concerning whether the City caused or created the defective condition adjacent to the sewer grate by negligently re-paving the street. The opinion of plaintiff's expert that the street had been re-paved by the City was speculative, and, in any event, plaintiff presented nothing to show that the alleged re-paving created an immediately dangerous condition (*see Bielecki v City of New York*, 14 AD3d 301 [1st Dept 2005]). The City's failure to discover an improper re-paving by a third party would be similarly insufficient because actual or constructive notice of a defect does not satisfy the statutory notice requirement (*see Stoller v City of New York*, 126 AD3d 452, 452-453 [1st Dept 2015]).

Plaintiff Gaylor failed to present evidence sufficient to raise a triable issue of fact concerning whether the City caused or created the defective condition of the curb which allegedly caused his fall. The sole evidence presented was a public notice that the City was installing additional pedestrian ramps at unspecified corners pursuant to the settlement of a lawsuit. However, photographs of the scene show that the ramps are too far removed from the place where plaintiff fell, and, in any event, no evidence was presented as to when the ramps were installed.

Plaintiff Perez failed to present evidence sufficient to raise a triable issue of fact concerning whether the City caused or created the defective condition of the street by improperly patching potholes. She presented nothing to show that the alleged negligent patching created an immediately dangerous condition (*see Bielecki*, 14 AD3d 301).

The courts did not improvidently exercise their discretion in declining to direct additional depositions because each plaintiff failed to make a detailed showing of the necessity for taking additional depositions or the substantial likelihood that those sought to be deposed possessed information necessary and material to the prosecution of the case (*see Alexopoulos v Metropolitan Transp. Auth.*, 37 AD3d 232, 233 [1st Dept

2007]).We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Moskowitz, JJ.