Woodward v Levine (2020 NY Slip Op 00068)





Woodward v Levine


2020 NY Slip Op 00068


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Oing, JJ.


655709/16

[*1]10732 John Woodward, et al., Plaintiffs-Appellants,
v
Nira Levine, et al., Defendants-Respondents.


Roberts & Roberts, New York (Arthur W. Greig of counsel), for appellants.
Carter Reich, PC, New York (Carter A. Reich of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered June 5, 2019, which denied plaintiffs' motion for a protective order and to strike counterclaims asserted by defendants, unanimously affirmed, without costs.
The parties' so-ordered stipulation of January 30, 2018,
where plaintiffs agreed that defendants' motion to amend the answer to assert counterclaims was granted, bars their challenge to defendants' assertion of the counterclaims now. The stipulation was not simply an agreement to accept service or to set a deadline for reply, but one that plainly allowed defendants to amend the answer to include counterclaims.
By signing the stipulation, plaintiffs waived the challenges to the counterclaims they assert here, including their collateral estoppel argument grounded in Business Corporation Law (BCL) § 1312, asserted only on reply and one we could decline to consider on that basis alone (see e.g. Stang LLC v Hudson Sq. Hotel, LLC, 158 AD3d 446 [1st Dept 2018]; Matter of Erdey v City of New York, 129 AD3d 546 [1st Dept 2015]). Even were we to consider the argument now, we would reject it, in light of the stipulation. In their initial cross motion to amend the answer, defendants posited that even if BCL § 1312 barred claims affirmatively asserted in their petition in a separate proceeding seeking pre-action discovery, it did not, given the maintain/defend distinction in the statute's subparts (a) and (b), bar its assertion of counterclaims in this action. Even if, as plaintiffs now assert, this argument begs the question of whether defendants' ostensibly unrelated counterclaims constitute "maintenance" or "defense" of an action, it is a question the parties already resolved in defendants' favor, by agreement.
Contrary to plaintiffs' arguments, defendants' revised discovery requests do not rehash requests previously stricken on grounds of overbreadth, and the court's determination on this point was a sound exercise of its discretion (Andon v 302-304 Mott St. Assoc., 94 NY2d 740 [2000]).
The court properly deemed the requests adequately tailored. Plaintiffs claim they are no different from the prior requests because they similarly seek, e.g., documents or correspondence concerning "the works described above." However, by significantly narrowing what is "described above," defendants narrowed the overall requests. Defendants' requests are all the more appropriate because they are based on transactions previously disclosed by plaintiffs themselves in plaintiff Kristine Woodward's affidavit, and thus the likelihood of their having responsive information available is greater.
Plaintiffs' effort to frame the requests as a fishing expedition for irrelevant information is not persuasive. The counterclaims allege grounds for defendants' concern about their business dealings with plaintiffs, and the requests, seeking specific information about such dealings, are made in furtherance of information supporting such claims.
Moreover, plaintiffs do not explain why their objections to the discovery requests should be entertained at this point, given their agreement to respond to such requests in a so-ordered stipulation entered into at the preliminary conference on January 23, 2019.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK