Newell v City of New York (2020 NY Slip Op 00833)





Newell v City of New York


2020 NY Slip Op 00833


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


10954N 21863/12E

[*1] Hector Newell, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


G. Wesley Simpson PC, Brooklyn (G. Wesley Simpson of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Ellen Ravitch of counsel), for respondents.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered November 8, 2018, which, in this action alleging medical malpractice, denied plaintiff's motion to extend the time to file a note of issue, to compel defendants to produce two additional physicians for deposition and to produce documentation of physician work schedules, unanimously affirmed, without costs.
The court exercised its discretion in a provident manner in declining to compel depositions of two physicians, in addition to those already conducted of defendants Drs. Stone and Tepperman. Plaintiff's showing was not sufficiently detailed to demonstrate that the already-deposed witnesses had insufficient knowledge, and that those sought to be deposed have information that is material and necessary to plaintiff's action (see Epperson v City of New York, 133 AD3d 522, 523 [1st Dept 2015]; Colicchio v City of New York, 181 AD2d 528, 529 [1st Dept 1992]). There also exists no basis to disturb the court's discovery rulings, since plaintiff failed to show how the other discovery items he requested were material and necessary (see Forman v Henkin, 30 NY3d 656, 661 [2018]; Don Buchwald & Assoc. v Maber-Rich, 305 AD2d 338 [1st Dept 2003).
Plaintiff's argument that he has the right to depose additional witnesses pursuant to a stipulation is made for the first time in his reply brief (see e.g. Matter of Erdey v City of New York, 129 AD3d 546 [1st Dept 2015]). In any event, the argument is unavailing.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK