Amato v Verizon N.Y. Inc. (2022 NY Slip Op 02939)

Amato v Verizon N.Y. Inc.

2022 NY Slip Op 02939

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Gesmer, Moulton, Mendez, Higgitt, JJ. 

Index No. 158593/17 Appeal No. 15876-15877 Case No. 2021-04008, 2021-02729 

[*1]Laura Amato, Plaintiff-Respondent,
v
Verizon New York Inc., Defendant-Appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Law Offices of Louis Grandelli, P.C., New York (Leigh D. Eskenasi of counsel), for respondent.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about June 16, 2021, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion to strike defendant's answer or, in the alternative, to compel defendant to produce Arthur Delprete for deposition, and seeking to preclude defendant from demanding plaintiff's further deposition and independent medical examination, and denied defendant's cross motion for a protective order, unanimously modified, on the law and the facts, plaintiff's motion denied insofar as it sought to strike the answer or to compel Delprete's production for deposition, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 12, 2021, which denied defendant's motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper.
Defendant's cross motion for a protective order was properly denied because the representatives already deposed were not present when the utility box that allegedly caused plaintiff's injury was installed, and could not say with certainty whether Delprete, a field manager for defendant, was present. Further, there is a substantial likelihood that Delprete would be able to provide material and necessary information (see Alexopoulos v Metropolitan Transp. Auth., 37 AD3d 232, 233 [1st Dept 2007]; Filpo v Linemaster Switch Corp., 244 AD2d 454, 454 [2d Dept 1997]).
However, plaintiff's motion to compel Delprete's deposition or strike defendant's answer was fatally defective because the accompanying good faith affirmation failed to detail any efforts to resolve the issue after completion of the deposition of Dennis Donovan, at which point the parties had been directed to reassess whether the Delprete deposition was still necessary (Uniform Rules for Trial Cts [22 NYCRR] § 202.7[a][2]; see 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [1st Dept 2009]; Mironer v City of New York, 79 AD3d 1106, 1107-1108 [2d Dept 2010]). Defendant's conduct up to that point had not been so unreasonable that plaintiff's counsel was released from its obligation to engage with counsel about this issue before moving to strike or compel. The deadlines set forth in the October 16 and November 20, 2019 orders were extended before they expired, and defendant's counsel attested that the parties likewise timely agreed to adjourn the deadline set forth in the January 8, 2020 order. At any rate, even if the parties did not adjourn the deadline, the April 23, 2020 order postponed the Delprete deposition until after Donovan's was completed and specified that Delprete's would proceed only if it was still deemed necessary at that time. For the same reasons, defendant's conduct cannot be deemed "willful, contumacious or due to bad faith" (Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011][internal quotation marks omitted]).
Plaintiff's motion was properly granted, however, insofar as it sought to [*2]preclude her further deposition and independent medical examination, as defendant waived its right to that discovery by its unreasonable delay in seeking it. Although defendant blames the Covid-19 pandemic for the delay or difficulty obtaining plaintiff's medical records, defendant had the necessary release authorizations long before the pandemic began and for many months thereafter. Defendant's complaints about the absence of an authorization to obtain records from Dr. Lyle Gessner are similarly meritless, as defendant had an authorization to obtain records from Dr. Gessner's practice since 2019, but did not realize that Dr. Gessner was affiliated with that practice and never sought to clarify his affiliation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022