WV Partners LLC v Hudson Private Corp. (2025 NY Slip Op 01333)

WV Partners LLC v Hudson Private Corp.

2025 NY Slip Op 01333

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Webber, J.P., Kapnick, González, Scarpulla, Michael, JJ. 

Index No. 654392/23|Appeal No. 3861, 3862|Case No. 2024-05009, 2024-05010|

[*1]WV Partners LLC, Plaintiff-Respondent,
v
Hudson Private Corp., Defendant-Appellant.

Meister Seelig & Fein, PLLC New York (Kevin A. Fritz of counsel), for appellant.
Greenberg Traurig, LLP, New York (Ashley A. LeBlanc of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered June 5, 2024, awarding a money judgment in plaintiff's favor, and bringing up for review an order, same court and Justice, entered April 2, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment, unanimously affirmed, with costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff adequately established its quantum of damages by furnishing the parties' two funding agreements. The two funding agreements provided the means through which both the Investor Fixed Return and the penalty interest were to be calculated. Plaintiff's managing partner's affidavit identified the principal amount owed and the date on which interest began to accrue, the dates and amounts of defendant's payments, and the August 31, 2023 date on which interest was calculated. Together, these statements allowed the amounts due to be ascertained (see Boland v Indah Kiat Fin. [IV] Mauritius, 291 AD2d 342, 342-343 [1st Dept 2002]).
Defendant's argument that plaintiff's calculations were inconsistently applied — to principal first in the case of one funding agreement, and to interest first in the case of the other — is unavailing. The agreements were silent as to whether plaintiff was required to apply defendant's payments first to principal or first to interest, and there is no evidence that defendant directed plaintiff to apply its payments to principal first (see Davison v Klaess, 280 NY 252, 261 [1939]). Plaintiff's single application of $209,531 to principal owed under one of the agreements did not raise an issue of fact as to whether this application reflected the parties' course of dealing (see General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist., 85 NY2d 232, 237 [1995]).
Plaintiff concedes that it incorrectly added $126,814.04 in penalty interest to its calculation of debt payments under one of the agreements when it should have applied the interest to the other agreement's debt payments. However, this misapplication would not affect the amount of the judgment, as defendant does not contest the relevant dates, dollar amount, or interest rate for that penalty interest, which would be the same regardless of the agreement with which the interest should have been associated.
We decline to consider defendant's argument that the parties' subsequent payment agreement, made in conjunction with a 2022 settlement agreement between the parties and nonparty Bron Creative USA, Corp., required plaintiff to apply payments for one of the funding agreements to the principal first, which defendant improperly raises for the first time in its reply brief (see Matter of Erdey v City of New York, 129 AD3d 546, 546 [1st Dept 2015]).
Since the court's summary judgment order made no statement to the effect that plaintiff was required to settle the judgment, plaintiff did not need [*2]to comply with the notice requirements of Uniform Rules for Trial Courts (22 NYCRR) § 202.48(c).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025