Pena v City of New York (2025 NY Slip Op 06287)

Pena v City of New York

2025 NY Slip Op 06287

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 23439/16|Index No. 23439/16|Index No. 23439/16|Appeal No. 5179|Case No. 2024-05261|

[*1]Alexander Dipre Pena, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.

Law Offices of William Pager, Brooklyn (William Pager of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about August 12, 2024, which granted the motion of defendant The City of New York for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that he was injured when he fell from the moped he was riding after it struck a pothole in the roadway. The City met its prima facie burden by submitting evidence showing that it lacked prior written notice of the alleged defect (Administrative Code of City of NY § 7-201[c][2]; see Jones v City of New York, 237 AD3d 639, 639-640 [1st Dept 2025]). According to an affidavit of a Department of Transportation employee, the DOT conducted a search of its records for the relevant location and found that the records did not contain any written notice of the particular defect that allegedly caused plaintiff to fall (see Civic v City of New York, 215 AD3d 445, 445 [1st Dept 2023]).
In opposition, plaintiff failed to raise a triable issue of fact as to whether the City had prior written notice of the pothole (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]). Although the record shows that there had been a pothole in the same roadway where plaintiff was injured, it was in the opposite lane and it had been repaired nearly a year before plaintiff's accident. Therefore, notice of the second pothole is insufficient to constitute notice of the defect that allegedly caused plaintiff to fall (see Kalsmith v City of New York, 158 AD3d 442, 442 [1st Dept 2018]). Evidence of resurfacing work on the same roadway in 2013 also did not did not provide notice because the relevant document did not detail the scope and nature of the work nor did it mention potholes (see Vargas v City of New York, 172 AD3d 552, 553 [1st Dept 2019]; Trentman v City of New York, 162 AD3d 559, 559 [1st Dept 2018]).
Furthermore, plaintiff did not show the existence of an exception to the prior written notice requirement, as he failed to submit evidence showing that the City created the defect through an affirmative act of negligence (see Yarborough, 10 NY3d at 728; Smith v City of New York, 228 AD3d 472, 473 [1st Dept 2024]). Contrary to plaintiff's assertion otherwise, neither the record of the 2013 resurfacing work nor the record of a 2015 sewer installation provides a nonspeculative basis to conclude that those works immediately resulted in the defect (see Civic, 15 AD3d at 446).
Supreme Court properly found that plaintiff's expert affidavit was not probative of the accident site's condition on the date of the accident. On the contrary, the expert inspected the site six weeks later, after the pothole had been repaired (see Amini v Arena Constr. Co., Inc., 110 AD3d 414, 415 [1st Dept 2013]). Moreover, the court properly rejected as speculative the expert's opinion that the City's installation of a sewer grate shortly before the accident created a pothole near the site (see Epperson v City of New York, 133 AD3d 522, 523 [1st Dept 2015]; see also Vargas, 172 AD3d at 553).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025